## L. HILLMAN v. H. BAUMBACH.

It is no misjoinder of causes of action, in trespass to try title, to claim in the same suit judgment for the land, and for damages committed on the premises, such as destroying timber, tearing down fences, &c.

An adjudication of a question of title to land by a Justice of the Peace is a nullity.

Where a party commits a trespass under the honest belief, that he is the owner of the property, such belief will not mitigate the actual damages suffered from the trespass. A jury may take it into consideration upon a question exemplary damages.

Error from Fayette. Tried below before Hon. J. H. Bell.

This was an action of trespass to try title. In the same suit the defendant in error claimed damage for trespasses committed on the premises. The plaintiff in error demurred to

the petition upon the ground that there was in this a mis-joinder of causes of action; his demurrer was overruled. On the trial the defendant in error made out his title, and proved the trespass and his damages. The plaintiff in error offered in evidence in defence a transcript of proceedings before a Justice of the Peace between the same parties and in refer-ence to the same land; the verdict of the jury in the Magis-trate's Court being "for the plaintiff to have the line run by Armstrong, the dividing line," which was objected to and ex-cluded by the Court. The charge asked by the plaintiff in error and refused, and which refusal is assigned as error, is given in the Opinion.

There was a verdict and judgment for the defendant in error for the land claimed and for damages.

*Webb & Harcourt*, for plaintiff in error.

*B. Shropshire*, for defendant in error.

ROBERTS, J. This is an action of trespass to try title to land, brought by defendant in error against the plaintiff in error. In the same suit damages are claimed for tres-passes committed on the premises, such as pulling down fences and destroying a growing crop, and the like  The petition was excepted to on the alleged ground of a mis-joinder of causes of action. The exception was overruled, and we think properly, for the object of the suit is to recover damages as well as to try the title. (Hart. Dig. Art. 3221.) Although the word damages used in the Statute may more particularly refer to mesne profits, there can be no inconsist-ency in joining in the action a claim for injuries done, such as cutting or destroying timber, tearing down fences, and destroy-ing the growing crop. Indeed, a suit for such claim would of course involve the assertion of some title in the plaintiff.

This question of title had been adjudicated in a Justice's Court, and the plaintiff in error offered the record thereof in evidence, and it was rightly rejected by the Court as inadmissible for any purpose, and being a nullity.

The depositions of G. A. Kerr were offered in evidence by plaintiff in error to prove something in relation to a division line between the tracts of the parties. The Court rejected the evidence because it was not shown that Baumbach had any notice of such claim by Hillman, when he purchased the adjoining tract from Hillman's brother. The facts, as they appear in the record, are too meagre to enable this Court to determine, either what was sought to be proved by the testimony, or its materiality and pertinency to the issues in the case.

The Court was asked to charge the jury " that where a party commits a trespass under the honest belief that he is the owner of the property, this is a circumstance to mitigate damages," which the Court refused.

Such belief would not mitigate the actual damages sustained by the trespass, and therefore the Court could not give the charge. It may have been properly taken into consideration by the jury upon a question of exemplary damages.

Although the most complete justice may not have been done in this case, the questions have not been presented in the record in such way, as to enable the Court to furnish any relief.

Judgment affirmed.