RAYWOOD RICE, CANAL AND MILLING COMPANY v. J. M. WELLS.

Decided November 19, 1903.

**1.—Charge of Court—Giving Prominence.**

In an action for damages for breach of a contract to furnish water for the irrigation of a rice farm testimony was admitted affecting the probable yield of the rice crop for the year 1902 in the vicinity of the plaintiff's land, and it was shown that there had been heavy losses on account of rain and harvesting time. As giving improper prominence to a particular feature of the evidence, the trial court correctly refused a special charge to the effect that the jury, should they find plaintiff entitled to recover, should, in measuring damages, consider the testimony relative to such losses.

**2.—Same—Practice.**

It devolves upon the party dissatisfied with a charge correct as far as it goes to request a more specific one.

**3.—Measure of Damages—Value of Prospective Crops.**

The court submitted as the measure of damages the market value of the crop that would have been produced and harvested if the defendant had furnished water in accordance with its contract less the one-fifth to be paid for the water, and the expenses that were and would have been incurred in planting, raising, harvesting and preparing the crop of rice that would have been produced and harvested. Held correct.

Appeal from the District Court of Liberty. Tried below before Hon. L. B. Hightower.

*C. F. Stevens,* for appellant.

No brief for appellee.

GARRETT, CHIEF JUSTICE.—This suit was brought in the District Court of Liberty County against the Raywood Rice, Canal and Milling Company to recover damages for the breach of a contract to furnish water for the irrigation of rice land. The cause was tried by a jury and resulted in a verdict and judgment in favor of the plaintiff for the sum of $800.

The plaintiff entered into a contract with the defendant to furnish water from the canal of the defendant for the irrigation of about 175 acres of land, which, on the strength of the contract, the plaintiff planted in rice in the year 1902. A portion of the land planted by the plaintiff had been rented by him from another party at an agreed rental of one-fifth of the crop. The plaintiff agreed to pay the defendant one-fifth of the crop produced on the land for the furnishing of the water. The defendant breached its contract by failing to furnish the water as it had agreed to do, and the plaintiff sustained damage to the amount found by the jury, as the net loss upon a crop that might have been produced if the water had been furnished according to contract.

Testimony was heard affecting the probable yield of the rice crop for the year 1902 in the vicinity of plaintiff's land, and it was shown that there had been heavy losses on account of rain and harvesting

time.' The defendant requested the court to instruct the jury that if they should find that the plaintiff was entitled to recover they should consider the testimony relative to such losses to said crop in measuring the damage. It was properly refused for the reason given by the trial judge that it would be improper to give such prominence to a particular feature of the evidence. The general charge also instructed the jury that they should consider the condition of the weather and other circumstances.

The charge complained of under the fourth assignment of error is not subject to the criticism made of it, because the direction is sufficiently clear that the one-fifth for the rent of the land from the third party should also be deducted, but if the defendant had desired a more specific instruction it should have requested one. The measure of damages submitted by the court was the market value of the crop that would have been produced and harvested if the defendant had furnished water in accordance with its contract less the one-fifth to be paid for the water, and the expenses that were and would have been incurred in planting, raising, harvesting, and preparing the crop of rice that would have been produced and harvested. This was the correct measure of damages. Canal and Milling Co. v. Langford Bros., 7 Texas Ct. Rep., 418.

There being no error in the record the judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.