## Moore-Cortes Canal Company v. C. H. Gyle.

Decided June 23, 1904.

**1.—Charge—Contract—Limiting Liability.**

A charge that a clause in a contract limiting defendant's liability to $4 per acre, in case of failure to furnish sufficient water to make a crop, applied only in case defendant furnished some water but not enough, was erroneous.

**2.—Same—Irrigation Company—Quasi Public Corporation—Lease Contract.**

A charge was erroneous which told the jury that an irrigation company was a quasi public corporation and a common carrier of water for hire and as such could not limit its liability for failure to comply with the terms of a contract to furnish water, since the only possessory right plaintiff had in the land was obtained by the lease contract, and he is therefore bound by its terms.

**3.—Written Contract—Parol Evidence to Vary.**

Where parties to a contract have reduced it to writing all preliminary agreements are deemed to have been merged in the written instrument and the contract evidenced by the writing can not be varied by parol, in the absence of fraud or mistake.

Appeal from the District Court of Matagorda. Tried below before Hon. Wells Thompson.

*Wilson & Jackson* and *W. C. Carpenter,* for appellant.

*Linn & Austin* and *W. S. Holman,* for appellee.

PLEASANTS, Associate Justice.—This is a suit for damages brought by the appellee against the appellant. Plaintiff's petition sets up three distinct causes of action against the defendant, upon each of which recovery is sought. The facts alleged are in substance as follows:

By a written contract of lease (which was attached to and made a part of the petition) the defendant leased to plaintiff for the year 1902 a tract of 212 acres of land in Matagorda County owned by the defendant. Under the terms of said contract 202 acres of the leased land were to be planted in rice. The defendant agreed to furnish the seed and the water necessary for the proper irrigation of the crop; and the plaintiff agreed to perform all of the labor required for the planting, cultivation and harvesting of the crop. The crop when harvested was to be equally divided between the parties. The lease contract contains the following provision:

"It is understood, however, that should the first party fail to furnish enough water which, together with the natural rainfall, shall be suffient to make a crop of rice on the above described premises, or should the natural rainfall, in case the first party fails to furnish enough of any water to be sufficient to make a crop of rice on said premises, then the first party shall forfeit, as damages to the second party, a sum not exceeding four dollars ($4) per acre for the land not so irrigated or supplied with water, either by said first party or the natural rainfall;

but in no case shall said company be held liable for a greater amount of damages than the amount of damages actually sustained, not exceeding said sum of four dollars ($4) per acre."

The petition alleges that though the written contract bears date January 1, 1902, it was not in fact executed until about the 1st day of February, 1902.

Acting under this contract plaintiff planted 125 acres of said land in rice. About 65 acres of the land so planted were very low and subject to overflow during heavy rains. The rice on this 65 acres came up well and was in good condition on June 26, 1902. On the date named a very heavy rain occurred which flooded the lands adjoining the defendant's irrigation canal. The lands on the north of one of the laterals of said canal, designated as lateral No. (1) one, were higher than the 65 acres before mentioned which was situate on the south of said lateral. As a result of said rain a large quantity of water was collected on lands cultivated by the defendant on the north of the lateral and opposite the said 65 acres. In order to drain the water from its lands north of the lateral the defendant cut the embankment and precipitated all of said water upon and over plaintiff's 65 acres, thereby completely destroying the crop of rice growing thereon. The defendant entirely failed to furnish any water for irrigating the balance of the 125 acres planted by plaintiff, and as a consequence plaintiff failed to make any crop thereon. Before the execution of the lease the defendant, as an inducement to plaintiff to enter into said contract, promised to erect upon 10 acres of said 212 acres covered by said lease, a dwelling-house, barn and other improvements for the use and occupancy of plaintiff during the term of said lease. None of these improvements were erected by the defendant. The petition seeks to recover as damages the value of plaintiff's half of the propable crop that would have been raised on the leased premises but for defendant's failure to comply with its contract to furnish the water necessary for irrigating said crop, and its wrongful act in destroying the crop upon said 65 acres by cutting the lateral and flooding said crop with the water collected upon the lands upon the opposite side of said lateral, and the value of the use to plaintiff of the improvements which defendant contracted to place upon the lands.

The defendant answered by general and special exceptions and general denial, and by special pleas in bar. The nature of said exceptions and pleas in so far as may be necessary for the elucidation of the questions discussed in this opinion will be hereinafter stated.

The cause was tried in the court below by a jury, a general verdict in favor of the plaintiff for $977.50 was returned, and judgment entered accordingly.

The conclusion we have reached as to the proper disposition to be made of this appeal renders it unnecessary to pass upon the various assignments of error in detail, and we will only discuss in a general way

the assignments presenting error which require a reversal of the judgment of the court below.

In his main charge the learned trial judge instructed the jury that the clause in the lease contract which limits the amount of damages for which appellant could be held liable for failure to furnish appellee with sufficient water to properly irrigate his crop only applied in case the jury should find that appellant furnished some water but "not enough" for the purposes desired, and did not apply if the jury should find from the evidence that appellant failed to furnish any water and appellee's crop was thereby destroyed.

The contract is not susceptible of this construction. The plain intent and meaning of the language used is to limit appellant's liability for failure to comply with its contract in this respect whether such failure was total or only partial.

At the request of appellee the court further charged the jury upon this issue as follows:

"You are hereby instructed that the defendant company is a quasi public corporation, organized under the laws of this State for the purpose of irrigation, and that defendant takes its water supply from the unappropriated public waters of the Colorado River, and that it is under the special franchise therefore a common carrier of water for hire within this State; as a common carrier the defendant can not limit its liability for its negligence or the negligence of its officers and agents by any unreasonable provision or stipulation therefor in this contract. Therefore, if you believe from the evidence that the plaintiff has been injured by the negligence of said defendant, its officers or agents, in failing to provide facilities sufficient to furnish water for the irrigation of plaintiff's crop, planting and growing, under a contract so to furnish water, or that he has been so injured by the failure of said company, its officers and agents, in furnishing sufficient water to plaintiff for irrigation of his said crop, or any part thereof, through its canals and laterals, and that the said failure to so water was caused by the negligence of defendant, and that the clause in the contract limiting defendant's liability to $4 per acre is unreasonable, then you will disregard such provision in the contract, and find a verdict for plaintiff for the value of the crop; * * * if, however, you believe that said limitation of $4 per acre is reasonable, and that the injury, if any, was not caused by the negligence of defendant, its officers and agents, said clause will be valid, and you will give it effect, in connection with the other evidence in the case."

This charge should not have been given. The question of how far an irrigation canal company organized under the laws of this State may limit its liability for failure to furnish water to persons who have the right under the statute to demand such service from the company does not arise upon the facts of this case. The appellee is not the owner of land, nor has he any possessory right in land adjoining or contiguous to appellant's canal except such right as he obtained by the

lease contract entered into with appellant. This contract is the charter of his rights, and appellant's liability to him must be measured by its terms. Appellant could lease its land or not as it pleased and upon such conditions as it saw fit, and appellee in accepting the lease could not acquire a possessory right in the land inconsistent with the terms of the lease. He can not claim rights under the lease and at the same time refuse to be bound by one of the covenants therein which formed a consideration for its execution by the appellant.

Appellant excepted to the allegations of the petition which sought a recovery for the alleged breach of an oral contract for the construction of improvements upon the leased premises, and also excepted to the evidence introduced by appellee under these allegations, the grounds of said exceptions being that the alleged oral contract contradicted and varies the written contract.

These exceptions should have been sustained. The alleged oral agreement related to the subject matter of the written contract and varied the terms of said contract by adding thereto an obligation on the part of appellant not expressed in the written contract. When parties to a contract have reduced it to writing all preliminary agreements are deemed to have been merged in the written instrument, and the contract evidenced by the writing can not be varied by parol evidence, in the absence of fraud or mistake.

The written contract of lease sued on by appellee is complete in itself and contains the terms upon which the 212 acres of land were leased by appellant to appellee. In general terms this lease binds appellant to give appellee possession of the land for a term of one year and to furnish the seed for planting and the water for irrigating the crop of rice which appellee binds himself to plant, cultivate and harvest. The crop raised on said land during the term of said lease was to be equally divided between the appellee and the appellant. To permit appellee to add to this written lease a parol agreement by which appellant bound itself to erect a dwelling, barn and other improvements upon said land for the use of appellee during the term of said lease would, we think, be a clear violation of the rule which forbids the introduction of parol evidence to change or vary the terms of a written contract.

We think none of the remaining assignments present any reversible error or any error that is likely to occur upon another trial of the case. For the errors above indicated the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*