## LOUISIANA, RIO GRANDE CANAL CO. v. ELLIOTT. (No. 5818.)

(Court of Civil Appeals of Texas. San Antonio. March 7, 1917.)

1. WATERS AND WATER COURSES ⊜⇒263—IRRIGATION COMPANY — FAILURE TO FURNISH WATER—DAMAGE—MEASURE.

The measure of damages for failure to furnish water to irrigate crops is the difference in market value of crops raised, and what would have been raised with sufficient water, less cost of harvesting and marketing the additional crops.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 324.]

2. WATERS AND WATER COURSES ⊜⇒263—IRRIGATION—FAILURE TO FURNISH WATER—DAMAGE.

Where plaintiff, a tenant for crop rent, offered no proof as to cost of harvesting and marketing additional crops which might have been raised had defendant furnished sufficient irrigation water, a judgment giving him full value of such crops was erroneous.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 324.]

3. WATERS AND WATER COURSES ⊜⇒263—IRRIGATION—FAILURE TO FURNISH WATER—PROOF OF CONTRACT.

Where a tenant claimed damages to crops from defendant's failure to furnish irrigation water, he was bound to allege and prove the contract with defendant, because not being a landowner or owner of a possessory right or title in contiguity to the irrigation canal, he would have no claim under the irrigation statute, Vernon's Sayles' Ann. Civ. St. 1914, art. 5001l.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 324.]

4. WATERS AND WATER COURSES ⊜⇒263—ACTION FOR FAILURE TO FURNISH IRRIGATION WATER—PETITION.

A petition in action for failure to furnish sufficient irrigation water, alleging that irrigation company had contracted to furnish a tenant water, and that landlord had agreed to pay therefor, was sufficient, and showed an implied assignment of the water rights by landlord to tenant.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 324.]

5. WATERS AND WATER COURSES ⊜⇒254, 263—IRRIGATION CONTRACT—ASSIGNMENT.

Water rights run with the land and can be leased with it, and the lessee may sue on the contract in his own name.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 311, 324.]

6. WATERS AND WATER COURSES ⊜⇒263—ACTION FOR FAILURE TO FURNISH IRRIGATION WATER—EVIDENCE.

Evidence in action for failure to furnish irrigation water *held* to show that plaintiff relied on the furnishing of water by defendant company, and that defendant recognized his right to receive the water.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 324.]

Appeal from Hidalgo County Court; W. H. Gossage, Judge.

Suit by C. S. Elliott against the Louisiana, Rio Grande Canal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

---

Kibbe & Perkins, of Brownsville, and L. J. Polk, Jr., of Pharr, for appellant.

FLY, C. J. Appellee sued appellant to recover damages, alleged to have accrued by the failure of appellant to furnish sufficient water to irrigate appellee's crop of corn. The cause was tried without a jury, which resulted in a judgment for appellee in the sum of $138.

[1] The measure of damages in this class of cases is the difference in the market value of what the plaintiff raised on the land and what they would have raised with sufficient water, less the cost of harvesting and preparing for market the additional quantity of produce. Raywood Co. v. Erp, 105 Tex. 161, 146 S. W. 155; Raywood Co. v. Langford, 32 Tex. Civ. App. 401, 74 S. W. 926; Raywood Co. v. Wells, 33 Tex. Civ. App. 545, 77 S. W. 253; Dunlap v. Raywood Co., 43 Tex. Civ. App. 269, 95 S. W. 43; Kreisle v. Wilson, 148 S. W. 1132. If the plaintiff is a renter or lessee, as in this case, and pays a part of the crop for rent, the amount he was obligated to pay would be deducted from the damages, as part of the cost of raising the crop. This rule would not apply, of course, where money rent is paid, because that did not depend on the amount of produce raised.

[2] In this case there was no proof as to the cost of harvesting and marketing the additional amount of corn that would have been raised had the water been furnished, and the court declares in his conclusions of law, and it is recited in the judgment, that the full value of the additional corn that would have been raised is given to appellee. Appellee alleged that one of his landlords was entitled to one-third of the corn. The error in the judgment is apparent.

[3-5] In order to recover appellee was bound to allege and prove that appellant had contracted to furnish him with water, because being a lessee, and not a landowner, or owner of a possessory right or title in such contiguity to the irrigation canal as the law contemplates he would have no claim under the irrigation statute. Rev. Stats. art. 5001*l*; Canal v. Gyle, 36 Tex. Civ. App. 442, 82 S. W. 350. Recognizing this law appellee alleged that he had a contract with appellant to furnish him water, although it is alleged in the petition that his landlords had agreed to pay for the water. The contract to furnish the water was with the owners of the land, and not with appellee and the facts should have been alleged instead of the allegation that the contract to furnish water was made with him. However, the allegations are sufficient to show that a contract to furnish water for the land had been entered into by appellant, that the land had been rented to appellee, that the landlords had agreed to pay for the water for raising crops, and it follows, from such allegations, that there was an implied assignment of an interest in the water contract, which was one that ran with the land. It is the law that water rights can be leased with the land, and it is clear from the allegations that there was a lease of the water rights in this case to appellee. Kinney Irr. & Water Rights, § 1025.

[6] The allegations and the evidence show that appellee relied on appellant furnishing water for irrigation purposes, and appellant recognized his right to demand the water by acceding to the demand to a certain extent. The consideration for furnishing the water was the water rent paid by the owners. It was not discovered that appellant was not bound to furnish water for the land, until after this suit was instituted, although it doubtless accepted the water rent from the owners. The contract with the landowners to furnish water for the land, under the terms of the lease contract inured to the benefit of the lessee, and he could sue on that contract for his damages. Appellee was undoubtedly in privity with the contract between the owners and appellant. According to the theory of appellant, its contract with the owners of land would be ineffective and unenforceable, unless the owners worked the land themselves. The contract was binding on appellants, no matter whether the owners cultivated themselves or through tenants, and if it failed to comply with its contract, it is liable to owner or tenant.

Because of the error as to the measure of damages and the failure to prove the cost of harvesting the additional corn that should have been produced, the judgment is reversed, and the cause remanded.