SHOTWELL v. CRIER.　(No. 9133.)

(Court of Civil Appeals of Texas. Ft. Worth. June 21, 1919. On Motion for Rehearing Oct. 25, 1919.)

1. JUDGMENT ⬅747(6)—ATTORNEY'S FEES AND EXPENSES IN FORCIBLE DETAINER SUIT RECOVERABLE IN ACTION FOR BREACH OF RENTAL CONTRACT.

In a suit by a landlord for damages for breach of a rental contract, plaintiff was entitled to recover. attorney's fees and other expenses in a forcible detainer suit against the tenant appealed from justice to county court so as to avoid multiplicity of suits; recovery for such items not being prohibited by Vernon's Sayles' Ann. Civ. St. 1914, art. 3960, relating to trials of such suits on appeal to the county court.

2. LANDLORD AND TENANT ⬅331(2)—REMOTE DAMAGES FOR BREACH OF CONTRACT TO CULTIVATE LAND.

Damages claimed by landlord for tenant's breach of contract to cultivate land in a good workmanlike manner *held* not too remote, speculative, and uncertain to sustain an action therefor.

3. LANDLORD AND TENANT ⬅331(2) — DESTRUCTION OF LANDLORD'S SHARE OF CROP BY TENANT; MEASURE OF DAMAGES.

The measure of damages for the destruction of the landlord's share of a wheat crop by the tenant's pasturing stock thereon is the market value of plaintiff's share of such crops as would probably have been raised if defendant had complied with his contract and not destroyed the crop.

4. LANDLORD AND TENANT ⬅331(2)—HOLDING OVER BY TENANT; DAMAGE TO PASTURE.

While, as a general rule, in actions in trespass to try title and in forcible entry and detainer, the measure of damages is the rental value of the property while wrongfully withheld, a landlord may sue a tenant on shares holding over only for use of pasture land withheld after expiration of lease or the value of the grass converted, measuring its value by the number of cattle pastured at a fixed price per head.

5. JUDGMENT ⬅256(6) — NECESSITY OF CONFORMING TO VERDICT FIXING AMOUNT DUE.

Notwithstanding defendant expressly admitted he owed plaintiff a certain sum, so that the court did not submit that issue in his general charge, it was error to enter judgment for such sum, since the judgment must follow and conform to the verdict, and cannot exceed it, in view of our statutes.

On Motion for Rehearing.

6. LANDLORD AND TENANT ⬅331(2)—DAMAGES FOR BREACH OF AGREEMENT TO CULTIVATE LAND PROPERLY.

Where plaintiff landlord was entitled to one-third of a crop free from all expenses of cultivating and harvesting it, his damages can-

not be limited to the value of the crop at the time defendant tenant destroyed it, since that would deprive him of the benefit of his contract with defendant to cultivate the land properly.

7. APPEAL AND ERROR ⬅650—AMENDMENT OF RECORD BY CERTIFICATE OF TRIAL JUDGE AFTER DECISION ON APPEAL.

After decision on appeal, the record cannot be amended by certificate of the trial judge to show an agreement in open court that the court should allow a recovery for an admitted amount, and for such reason that matter was not submitted to the jury, to justify a judgment in excess of the verdict reduced by the decision.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Suit by W. T. Crier against E. F. Shotwell. Judgment for plaintiff for the difference between the verdict for plaintiff and the verdict for defendant on the cross-action or counterclaim, and defendant appeals. Judgment reformed and affirmed.

J. W. Moffett, of Abilene, for appellant.
C. H. Fulwiler, of Abilene, for appellee.

DUNKLIN, J. W. T. Crier leased a tract of land to E. F. Shotwell for the period of time beginning November 5, 1915, and ending July 1, 1916. The lease was in writing, and signed by both parties, and it was stipulated therein that the lessee should pay as rent for said land one-third of all the wheat and oats to be grown on the land for the year 1916. The lease contained the further agreement on the part of the lessee to plant the land in wheat or oats, or both, and at the termination of the lease term to deliver possession of the land to the lessor. During the summer of 1916, by oral agreement between the parties, the lease term was extended until July 1, 1917, under the same agreement with reference to the cultivation of the land and rents to be paid therefor as was shown in the written lease. This suit was instituted by Crier against Shotwell for damages for the breach of the defendant's rental contract in failing, as alleged by plaintiff, to cultivate and farm the land in a good and workmanlike manner, as he had bound himself to do, and in failing and refusing to deliver possession of the land to plaintiff after the termination of the lease; also for the value of certain farming implements, which it was alleged belonged to the plaintiff, and were carried away by the defendant and converted to his own use.

In his answer to plaintiff's suit, after specially denying the allegations therein, the defendant filed a cross-action or counterclaim in which he sought a judgment against the plaintiff for pasturing stock, digging a well, and certain other items, all aggregating the sum of $1,500.

The case was tried before a jury, who re-

turned a verdict in favor of the plaintiff upon the cause of action asserted by him for the sum of $962.80, also in favor of the defendant on his cross-action against the plaintiff in the sum of $557.70,. leaving a balance in plaintiff's favor of $405.10. A judgment was rendered in plaintiff's favor for the amount so awarded by the jury, plus $60.35 found by the court, and the defendant has appealed. But all assignments of error are addressed to the recovery by plaintiff upon his cause of action, no complaint being made that the judgment upon the counterclaim was for an insufficient sum.

[1] The defendant did not deliver possession of the farm to plaintiff at the termination of the lease on July 1, 1917, when his lease terminated, but held the same until about December 15, 1917. In order to get possession of the farm, Crier instituted a suit of forcible detainer against Shotwell in the justice court on August 30, 1917, in which court he recovered a judgment for possession of the farm. But Shotwell appealed the case to the county court, and in that court Crier again recovered a judgment for the possession of the farm. In the prosecution of that suit Crier was forced to employ an attorney, to whom he paid a fee of $100, and incurred other expenses, such as hotel and traveling expenses incident to attending court for the trial of the case. Those expenses were alleged by him in the present suit, and he sought a recovery therefor as a part of his damages. And upon the trial of this suit that claim was submitted to the jury as one of the items of damages for which plaintiff might recover.

By different assignments of error, appellant has challenged plaintiff's right to recover that item of damages. Article 3960, V. S. T. C. Stats., relating to trials of such suits on appeal to the county court, reads as follows:

"On the trial of said cause in the county court the appellee shall be permitted to, prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal, and for the reasonable expenses of the appellee in prosecuting or defending the cause in the county court; and, if the possession of the premises be not adjudged to the appellant, the said court shall render judgment also in favor of the appellee and against said appellant and the sureties on his bond for the damages proven and all costs."

That statute does not purport to exclude the right to recover for other damages not mentioned therein, resulting from a breach of the rental contract in other respects; neither does it purport to provide that the expenses incurred by the landlord therein mentioned cannot be recovered in any other suit than in a suit such as is therein referred to. It does give to the landlord the right to recover the expenses mentioned, and as those expenses constituted a part only of the damages sustained by plaintiff in the present suit for defendant's breach of his rental contract to cultivate the land in a proper manner, and to surrender possession at the end of the lease term, we can perceive no reason why plaintiff should be denied the right to claim such damages and all others that are recoverable in a single and separate suit. Indeed, we think such a course was in keeping with the rule that a multiplicity of suits should be avoided when the same is practicable.

[2, 3] We overrule the further contention, likewise presented in different assignments of error, to the effect that damages claimed by plaintiff for the alleged breach of defendant's contract to cultivate the land in a good, workmanlike manner were too remote, speculative, and uncertain to sustain an action therefor. It is insisted that the correct measure of damages for the wheat crop, which plaintiff alleged the defendant destroyed by pasturing stock thereon, was the value of plaintiff's share of the crop when it was so destroyed. Several decisions are cited to support that contention, such as T. & P. Ry. Co. v. Bayliss, 62 Tex. 572; G., C. & S. F. Ry. Co. v. Pool, 70 Tex. 713, 8 S. W. 535; Trinity S. Railway Co. v. Schofield, 72 Tex. 496, 10 S. W. 575. Those were suits for damages, sounding in tort, for the negligent destruction of growing crops, and it was held that the proper measure of damages was the value of the crops when destroyed. Yet it was held in I. & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S. W. 526, that the value of a growing crop would be the difference between the market value of what it would probably yield and the probable expense of cultivating and marketing it. So, it would seem that even under that rule the amount of damages recoverable would be the same as claimed by plaintiff in this suit for breach of defendant's contract with respect to the manner of cultivation, to wit, the market value of plaintiff's part of such crops as would probably have been raised if defendant had complied with his contract. And that he was entitled to such damages we believe is well settled by the following authorities: I. & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S. W. 526; Raywood Rice, Canal & Milling Co. v. Wells, 33 Tex. Civ. App. 545, 77 S. W. 253; Rogers v. McGuffey, 96 Tex. 565, 74 S. W. 753; Lamar v. Hildreth, 209 S. W. 167, and cases there cited.

[4] According to testimony introduced by plaintiff, the defendant pastured quite a number of animals on the land between July 1, 1917, the date of the termination of the lease, and December 15, 1917, he finally surrendered possession to plaintiff, and when the reasonable value of such pasturage was $2 per head per month. And in the court's charge the jury were told that plaintiff would be entitled to recover the value of such pasturage as the measure of his damages for defendant's fail-

ure to turn over the premises at the termination of the lease, as he had contracted to do.

Appropriate assignments of error are presented by appellant to that charge, and to the admission of testimony to prove the facts upon which it was predicated and which are noted above. It is insisted that the proper measure of plaintiff's damages for defendant's wrongful withholding the premises from plaintiff would be the rental value of the land during that period.

In his petition plaintiff alleged, in substance, that defendant pastured on the land an average number of 85 head of stock, and thereby appropriated the use of the land and the grass growing thereon, which was reasonably worth the sum of $2 per head per month for the stock so pastured, aggregating the sum of $935.

It is true, as contended by appellant, that the general rule is that in suits to recover possession of real estate, both in trespass to try title and in forcible entry and detainer, the measure of plaintiff's damages for wrongfully withholding the property by the defendant is the reasonable rental value of the property while it was so withheld. McRae v. White, 42 S. W. 793; Wanhscaffe v. Pontoja, 63 S. W. 663; Campbell v. Howerton, 87 S. W. 370; Ammons v. Dwyer, 78 Tex. 639, 15 S. W. 1049. The rental value of property is the value of the use of it, and in many of the authorities those expressions are used interchangeably and as having the same meaning, and also in the same sense as "mesne profits." 19 Cyc. 1168 (note); Biencourt v. Parker, 27 Tex. 558; 2 Bouvier's Law Dictionary (Rawles 3d Revision) 2206.

Plaintiff did not see fit to sue for the rental value of the entire tract, which would include the value of the use of the houses and all the land, but elected to sue only for the value of the grass converted by the defendant by pasturing stock thereon. The grass was the natural product of the soil, and defendant was at no expense in producing it. After the termination of his lease, defendant was a mere trespasser. The grass was a mature crop, as much so as a crop of wheat or corn ready for harvest. Plaintiff's pleadings were sufficient to support a recovery for its value, either upon the theory of the value of the use of the pasture or upon the theory that it was a growing crop, and defendant had wrongfully converted the same to his own use. Hillman v. Baumbach, 21 Tex. 203. And plaintiff had the right to recover the value of the use of the pasture or the value of the grass considered as a growing or matured crop, for pasturage purposes or any other purpose to which it was adapted. St. L. S. W. Ry. Co. v. Anderson, 173 S. W. 908.

[5] There was evidence sufficient to warrant the submission of plaintiff's claim for the value of certain farming implements which he alleged belonged to him and were carried away or lost by defendant after they were left with him to be used in making a crop.

In his testimony the defendant expressly admitted that he owed plaintiff $60.35 on the claim by the latter for oats belonging to him as his part of the crop raised on the land by defendant. Upon this admission the court rendered a judgment in plaintiff's favor for the amount so admitted, and did not submit that issue in his general charge to the jury. In other words, the judgment rendered was in favor of plaintiff for $60.35 in excess of the amount allowed him by the verdict of the jury. This action by the court was error, since it is well settled by the statutes and by the decisions that the judgment must follow the verdict and must conform thereto. Armstrong v. Hix, 107 Tex. 194, 175 S. W. 430; Jackson v. Walls, 187 S. W. 676; McLemore v. Bickerstaff, 179 S. W. 536, and authorities there cited.

Accordingly, the judgment will be so reformed as to reduce the amount of plaintiff's recovery to the extent of $60.35. But for the reasons indicated, all other assignments of error are overruled, and, as reformed, the judgment will be affirmed. Costs of this appeal will be taxed against appellee.

## On Motion for Rehearing.

Appellant insists with much earnestness that the value of one-third of the growing crop of wheat which was destroyed by him at the time it was destroyed by pasturing stock thereon was the correct measure of plaintiff's damages for such destruction.

[6] The allegation made by plaintiff relative to the destruction of the growing crop of wheat was in his complaint that thereby defendant had breached his rental to cultivate the land and care for the crops grown thereon in a workmanlike manner. The claim for damages for such breach was for the value of one-third of the crop of wheat that the land would have yielded but for such breach. Plaintiff would have been entitled to one-third of such a crop free of any expense for cultivating and harvesting it. To limit his recovery to the value of the crop at the time defendant destroyed it would have deprived him of the benefit of his bargain with defendant for the cultivation of the land in a proper manner. Hence the numerous decisions applicable to the mere tortious destruction of a growing crop, cited by appellant, are not applicable.

Testimony showing the amount realized by defendant for pasturing the land after the termination of the lease and while defendant wrongfully withheld possession was admissible to show the value of the grass for pasturage purposes which plaintiff was entitled to recover. G., H. & S. A. Ry. Co. v. Rheiner, 25 S. W. 971, and cases there cited.

[7] Appellee has filed a certificate of the trial judge, of a date subsequent to our decision on original hearing, to the effect that the

item of $60.35, which plaintiff admitted he owed defendant, mentioned in our original opinion, was not submitted to the jury, because appellant agreed in open court that the court should allow a recovery therefor, and that that issue should be withdrawn from the jury. Predicated upon that certificate is a prayer that the judgment of the trial court in favor of appellee be affirmed in its entirety, and that it be not so reformed as to eliminate therefrom the item of $60.35, which appellant admitted he owed to appellee.

We know of no rule which allows such an amendment of the record in this manner, and at this stage of the proceedings, and hence cannot consider the certificate tendered.

Both motions for rehearing are overruled.