Dana KNIGHT, Celia Knight, and
Thomas J. Williams, Appellants,

v.

K & K PROPERTIES, INC., d/b/a Louis
XIV Apartments, Appellees.

No. 18177.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 1, 1979.

Bishop, Larimore, Lamsens & Brown, and
Thomas J. Williams, Fort Worth, for appellants.

Penner, Jones, Keith & Wagner, and Michael F. Felber, Fort Worth, for appellees.

OPINION

MASSEY, Chief Justice.

K & K Properties, Inc., operated Louis XIV Apartments, and acted as landlord in their rental. Dana Knight and Celia Knight were tenant lessees of a Louis XIV Apartment. A dispute common to landlord-tenant cases arose and the above landlord filed a forcible entry and detainer action against these tenants in Justice Court. Suit in that court was for possession and for an amount less than $100.00 in rents. The Justice Court granted landlord a judgment for possession and costs, but not for rents.

Tenants perfected their appeal from the Justice Court to the County Court at Law. The record brought forward to that court showed the landlord's cause of action against tenants was for possession and for rents. The landlord did not obtain rent by the judgment in the first court. Before amendment of the pleadings of landlord the tenants yielded possession of the leased premises. Tenants then moved for dismissal of their appeal. Thereafter, by amendment, landlord reduced ·its pleadings to writing. By this time landlord was in possession; thus it plead in support of its prayer for accrued rents to date tenants delivered up the possession, and also in support of prayer for attorney's fees.

Following trial in the County Court at Law the judgment rendered was one which denied tenants' motion to dismiss the appeal, and granted landlord judgment against tenants for $825.00 in rents plus

$250.00 as attorney's fees. Of the $825.00 rents, $570.00 was adjudged to landlord against Williams, surety, as well as tenants. From this judgment the tenants and the surety appealed.

We affirm.

Tenants' motion was filed on September 27, 1978. It was denied as part of the final judgment signed November 30, 1978. The following is a pertinent part of the motion:

### "MOTION FOR DISMISSAL

". . .

"Now comes Dana Knight, Appellant in the above styled forcible entry and detainer appeal by and through his attorney of record, and says that he no longer desires to prosecute this appeal against Louis XIV, and respectfully moves the Court to dismiss the above styled appeal with prejudice for the reason that Appellant has moved from the premises involved in this cause, and that there is no further need or occasion for the prosecution of this appeal."

Ingeniously, tenants contend County Court's award of $825.00 as rent was improper. Their theory is that because at the time of trial they no longer were in possession of landlord's premises, so that landlord's suit could not have been one for possession, no authority of law entitled landlord to judgment for damages because there was removed from the trial the issue of either landlord's or tenants' right to possession. The proceeding involved was one as to which rights are provided by Tex.Rev. Civ.Stat.Ann. art. 3975b (1966), "Judgment against tenant for attorney's fees and costs of suit". Therein is provision for collection of attorney's fees. There is no entitlement thereto by rules of common law.

On hearing before this court, it became obvious that tenants, conceding their legal obligation to landlord for $825.00 as the unpaid rental amount, say that landlord had no authority to litigate such obligation in this case of forcible entry and detainer. They insist that if the landlord desires to recover a judgment for rent it must file a separate suit in a court having jurisdiction of the subject matter and the amount in controversy. Tenants did not discuss the unquestioned right of a plaintiff to attorney's fees in a proper case of forcible entry and detainer, nor the probable, or in any event possible, want of like entitlement by a plaintiff in a separate suit for rents.

Tenant's brief includes the following:

"It was urged in the trial court that appellants' position in this cause would lead to an unjust result, for the reason that tenants who lose their forcible detainer cases in the Justice Court could appeal to the County Court, vacate the premises shortly before trial, and be relieved from liability for rent incurred pending appeal. There are three reasons why that argument should be rejected. First, . . . the landlord still has the right to file a new suit for any unpaid rent which may be owed him.

"Second, this argument assumes that the landlord will always be the prevailing party in the County Court. It is at least possible that the tenant could prevail in the County Court, thus entitling the tenant to recover money damages. By vacating the premises prior to the time the appeal is heard by the County Court, the tenant has relinquished this opportunity to recover his damages.

"Finally, and most importantly of all, this argument is invalid simply because the Rules of Civil Procedure do not provide for it. Forcible entry and detainer cases are a special kind of litigation, and may proceed only as expressly authorized by the applicable Rules of Civil Procedure and statutes. The Rules of Civil Procedure and case law make clear that the award of money damages by the County Court is an ancillary remedy to be made only after the issue of possession is resolved. Thus, if the judgment does not award possession to either party, then neither party has 'prevailed' on the primary issue and no damages may be awarded. Assuming arguendo that this is an unjust result, the proper remedy is to amend the Rules of Civil Procedure to provide for this circumstance."

Tex.R.Civ.P. 1, "Objective of Rules", provides that such objective is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law with the attainment of that objective with as great expedience and dispatch possible and at the least expense practicable.

In the instant case tenant's argument is that by proper construction of Tex.R.Civ.P. 746, "Only Issue", providing that in a forcible entry and detainer suit the only issue shall be as to the right of actual possession without inquiry into the merits of title, considered in conjunction with Tex.R.Civ.P. 752, "Damages", the case ceases to embrace essential disputatious subject matter in that there is no longer a necessity to try out any issue. Their contention is that there is no issue of right to actual possession and therefore no issue can be tried under the numbered and styled cause.

To honor tenants' contention would be to ignore the provisions of Rule 1. Furthermore, there is no question that the jurisdiction of the County Court had attached. Tenants' contention would have been obviated if landlord had, before the premises were vacated, filed a different suit for rents in the same court along with a motion that it be consolidated with the pending forcible entry and detainer suit brought forward from the Justice Court. However, had such a course of procedure been adopted by landlord, it would have been an illustration of undue precedence and deference accorded to the forms and technicalities of procedural law to the detriment of the objective to accomplish justice. We can not and will not hold that the jurisdiction, which had attached in the County Court, was limited by the fact that it had been invoked by the forcible entry and detainer form of action.

Our ruling comports with prior decisions. See *Shotwell v. Crier*, 216 S.W. 262 (Tex. Civ.App.—Fort Worth 1919, writ dism'd); *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962). Furthermore, any doubt of propriety of our holding would appear removed by the present wording of Tex.R.Civ.P. 752 "Dam-ages", as amended effective January 1, 1976.

We further hold that by Tex.R.Civ.P. 752 a litigant, under these circumstances, having at any time possessed right to prosecute a type of action in which one of the litigants would or might, if victorious, be entitled to a remedy which included his attorney's fees. He would not have such entitlement taken away and eliminated by the action of his adversary in an attempted abandonment of the adversary's own earlier claim.

Judgment is affirmed.