No. 04-00-00777-CV



David ROGERS and Law Office of David Rogers, Inc.,


Appellants



v.



LAW OFFICE RENTAL ASSOCIATION II,


Appellee



From the County Court at Law No. 2, Bexar County, Texas


Trial Court No. 261,220


Honorable Shay Gebhardt, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: June 13, 2001


AFFIRMED

 David Rogers and the Law Office of David Rogers, Inc. ("Rogers") appeal the county court's
judgment in a forcible detainer action. Rogers presents four issues in his brief, asserting (1) the
appellee, Law Office Rental Association II ("LORA"), lacked standing to bring the forcible detainer
action because LORA was not Rogers's landlord; and (2) the trial court erred in awarding LORA
attorney's fees. We overrule Rogers's issues and affirm the trial court's judgment.

Background


 Pursuant to a written agreement, 110 East Nueva Association ("ENOA") leased the premises
at 110 Nueva (the "Leased Premises") from George Stumberg ("Stumberg"). ENOA then subleased
the Leased Premises to various sub-tenants, including Rogers.

 In April of 2000, Stumberg gave ENOA notice of its intent to terminate the lease effective
June 30, 2000. Notice also was sent to Rogers. 

 After the notice was received, the members of ENOA met and decided to disband ENOA
effective May 31, 2000, and to form LORA. Rogers declined the invitation to join LORA. ENOA
and LORA were joint ventures formed for the purpose of renting the Leased Premises. ENOA
assigned its rights and obligations to LORA.

 Rogers failed to pay LORA the rental owed for June. On June 16, 2000, LORA's attorney
sent Rogers a letter, demanding that he vacate the Leased Premises by midnight June 30, 2000. On
July 1, 2000, LORA's attorney notified Rogers that if he failed to vacate the Leased Premises by July
4, 2000, LORA would file a suit for forcible detainer.

 On July 5, 2000, LORA filed its forcible detainer suit, which was set for hearing on July 14,
2000. On July 14, 2000, the justice court entered a judgment awarding LORA possession. Rogers
appealed the justice court's decision to county court. Before the county court's hearing on August
11, 2000, Rogers vacated the Leased Premises. The county court entered judgment awarding LORA
attorneys' fees, and Rogers appealed to this court.




Jurisdiction


 Section 24.007 of the Texas Property Code prohibits an appeal on the issue of possession
from a final judgment of a county court in an eviction suit unless the premises are being used for
residential purposes. Tex. Prop. Code Ann. § 24.007 (Vernon 2000). Rogers was not using the
Leased Premises for residential purposes. Therefore, the only issue this court has jurisdiction to
consider in this appeal is the trial court's award of attorney's fees. We do not have jurisdiction to
consider any issue relating to possession.

Landlord/Tenant Relationship


 In his first issue, Rogers contends that LORA did not have standing to bring the eviction suit
because no landlord-tenant relationship existed between Rogers and LORA. In his second issue,
Rogers contends that the evidence is legally and factually insufficient to support the trial court's
finding that a landlord-tenant relationship existed between Rogers and LORA at the time the notice
to vacate was mailed.

 Standing is a component of subject matter jurisdiction that we review de novo. International
Freight Forwarding, Inc. v. American Flange, 993 S.W.2d 262, 266 (Tex. App.--San Antonio 1999,
no pet.). In considering legal sufficiency points, a reviewing court considers only the evidence
favorable to the decision of the trier of fact and disregards all evidence and inferences to the contrary.
See Davis v. City of San Antonio, 752 S.W.2d 518, 522 (Tex. 1988). If more than a scintilla of
evidence is offered on a fact, the evidence is legally sufficient to support the jury's finding on that
matter. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). In considering factual
sufficiency points, a reviewing court assesses all the evidence and reverses for a new trial only if the
challenged finding is so against the great weight and preponderance of the evidence as to be
manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 A landlord-tenant relationship arises out of a sublease between a tenant/sub-landlord and a
sub-tenant. See Texas Co. v. Grant, 143 Tex. 145, 182 S.W.2d 996, 999 (1944); Sinclair Refining
Co. v. Womack, 66 S.W.2d 402, 405 (Tex. Civ. App.--Eastland 1933, no writ); 49 Tex. Jur. 3d
Landlord and Tenant § 266 (2000). Therefore, if the evidence is sufficient to support the trial court's
finding that a sub-landlord/sub-tenant relationship existed between Rogers and ENOA and that
ENOA assigned its rights and responsibilities as sub-landlord to LORA when ENOA disbanded,
LORA would have been Rogers's landlord on the date the notice to vacate was mailed. 

 The record contains an Assignment of Rights and Assumption of Responsibilities between
ENOA and LORA dated May 17, 2000. The assignment states that ENOA disbanded effective May
31, 2000. The assignment assigns all of ENOA's rights and responsibilities under the lease of the
Leased Premises to LORA. The trial court could reasonably infer that the assignment included
ENOA's rights as sub-landlord as well as tenant under the lease. Accordingly, the evidence was
sufficient to support the trial court's finding that LORA was Rogers's landlord on June 16, 2000.
Rogers's first two issues are overruled.

Attorneys' Fees


 In his third and fourth issues, Rogers contends that LORA is not entitled to recover attorneys'
fees because: (1) Rogers vacated the Leased Premises prior to the county court's hearing; and (2) the
county court refused to hear evidence regarding LORA's right to possession, which was an essential
element to LORA's right to recover attorneys' fees. 

 Rogers's surrendering of possession of the Leased Premises did not deprive LORA of its right
to recover attorney's fees because the county court's jurisdiction had already attached. See Knight
v. K & K Properties, Inc., 589 S.W.2d 860, 862 (Tex. Civ. App.--Fort Worth 1979, no writ)
(holding adversary cannot deprive his opponent of his right to recover attorneys' fees by abandoning
his own claim). 

 The county court did not refuse to hear evidence regarding LORA's right to possession, the
county court ruled that the issue was rendered moot by Rogers's surrendering of possession. Rogers
acknowledges that this court does not have jurisdiction to consider the issue of possession; however,
Rogers states that in considering whether attorneys' fees were properly awarded, we must determine
whether LORA prevailed on the issue of possession. We disagree. The justice court entered a
judgment of possession in favor of LORA. The county court held that the issue of possession was
moot because Rogers surrendered the premises. Because the county court did not reach the issue of
possession, the only judgment addressing the issue of possession is the justice court's judgment in
favor of LORA. Therefore, LORA did prevail on its claim. Rogers's third and fourth issues are
overruled.

Conclusion


 The county court's judgment is affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH