GALVESTON, HOUSTON & HENDERSON RAILWAY COMPANY v. JOSEPH CRISPI AND WIFE.

No. 2708.

**Fact Case—Duty of Railway to Passenger—Due Care.**—Mrs. Crispi, with her two small children, holding a ticket from Galveston to Houston, was a passenger on train of appellant, intending to stop at Harrisburg, where she resided, four miles from Houston. It was after dark when the train passed Harrisburg. Mrs. Crispi was carried past Harrisburg; the train would reach Houston about midnight, and she had no money to defray her expenses. The train was stopped some distance north of Harrisburg, and she voluntarily left the car and made her way back home. The way was difficult, of which, however, she knew when determining to attempt it. In an action for damages, *held:*

1. If the railway company was at fault in carrying her past Harrisburg the fact that she voluntarily chose to leave the car and make her way back, knowing of its difficulties, does not necessarily show want of care on her part.

2. Whether the circumstances were such as to be held a coercion upon her in leaving the train is a question for the jury. The court can not determine for the jury the ·question of care or want of it with reference to her acts.

3. Facts of the case warrant a recovery by the plaintiff for damages.

APPEAL from Harris. Tried below before Hon. James Masterson.

The opinion states the case.

*Baker, Botts & Baker,* for appellant.—If a railroad company is guilty ·of a breach of its obligations in failing to stop long enough to permit a passenger to alight in safety at his destination, it is the duty of such passenger to remain in the train and sue for damages by reason of the inconvenience suffered by him through the fault of the company. If the passenger elects to leave the train between stations after being carried by his destination he assumes the risk and dangers incident thereto. Patt. Ry. Acc. Law, sec. 24, p. 21, *et seq.;* Reory v. L. N. O. & T. Ry. Co., 40 La. .Ann., 36; Reibel v. C. I. & St. L. R. R. Co., 17 N. W. Rep., 107; Jefferson R. R. Co. v. Hendricks, 26 Ind., 228; C. & A. R. R. Co. v. Randolph, 53 Ill., 510; Lewis v. Railway Co., 18 Am. and Eng. R. R. Cases, 263; Indianapolis Ry. Co. v. Birney, 71 Ill., 391; Cleveland R. R. Co. v. Newell, 8 Am. and Eng. R. R. Cases, 374.

*John H. Ruby* and *John G. Todd,* for appellees. — 1. The charge given contains a full, complete, and correct statement of the law governing the duty of the appellant as a common carrier towards its passengers to allow them an opportunity to get off of its train when the train arrives at the point of the passengers' destination, and is throughout favorable to appellant. Rev. Stats., arts. 4226–7; E. L. & R. R. R. R. v. Rushing, 69 Texas, 306; G. C. & S. F. R. R. v. Williams, 70 Texas, 159; I. & G. N. R. R. v. Terry, 62 Texas, 380; I. & G. N. R. R. v. Gilbert, 64 Texas, 536; H. & T. C. R. R. v. Rand, Ct. App. C. C., 255; Hutch. on Car., secs. 612, 614, 615; 2 Am. and Eng. Ency. of Law, 761–2, and authorities cited; Sevier v. V. & M. R. R., 18 Am. and Eng. R. R. Cases, 245.

2. The evidence as to the circumstances under which Mrs. Crispi left the train being conflicting, the court below having correctly charged the jury on the law of the case, and the jury having passed upon the questions of fact adversely to appellant, the Supreme Court will not set aside the verdict. Lewy v. Fischl, 65 Texas, 311; H. & T. C. R. R. v. Larkin, 64 Texas, 454; Robinson v. Davenport, 40 Texas, 342; Duggan v. Cole, 2 Texas, 396.

3. When a railroad company has violated its contract with a passenger by carrying him beyond his destination, it is responsible in damages for the discomfort, inconvenience, sickness, expenses, and charges which naturally and proximately result from such breach of contract. I. & G. N. R. R. v. Terry, 62 Texas, 380, and authorities cited; 1 Suth. on Dam., pp. 78, 102, 103; Field on Dam., p. 343.

4. A railroad company is liable to a passenger for injuries incurred by him in attempting by an act not obviously dangerous to obviate a serious inconvenience to him, caused by the fault or neglect of the railroad company. Patt. Ry. Acc. Law., sec. 20, pp. 15, 16; Hutch. on Car., sec. 617; 2 Am. and Eng. Ency. of Law, p. 762; W. M. R. R. Co. v. Stanley, 18 Am. and Eng. R. R. Cases, 206; C. H. & I. R. R. Co. v. Eaton, 18 Am. and Eng. R. R. Cases, 255.

Henry, Associate Justice.—It appears that appellant was running an excursion train from Houston to Galveston and back. Mrs. Crispi, with an infant and a nine-year-old child, took passage at Galveston for Houston. She purchased at Galveston of "a scalper" a ticket to Houston. She lived at Harrisburg, an intermediate station, and wanted to leave the train at that place.

The defendant was in the habit of stopping the train there to take on and put off passengers, and there were a number of passengers on the same trip who wished to get off there. The train reached Harrisburg after 12 o'clock at night. Plaintiff charges that the defendant negligently failed to announce the arrival of the train at Harrisburg or stop it long enough

for her to leave it, and that she was carried beyond Harrisburg and required to get off in the woods with her children; that she had to cross two difficult railroad bridges to reach home, and that she was greatly frightened, her clothing injured, and she and her infant made sick by the exposure, causing pain, loss of time, and pecuniary damage.

The evidence is quite conflicting as to whether the train stopped at all at Harrisburg. A large number of witness testified that it did, and long enough for all passengers to get off who desired' to do so. As many testified that it did not stop at all. Mrs. Crispi did not inform the conductor that she desired to get off at Harrisburg, and there is nothing to indicate that he knew she did until after he had passed that place. When she found she had been carried beyond her destination she requested the conductor to stop the train, and when it was stopped she got off voluntarily. She testified that she did not know about the streams that she would have to cross, and also that she was without the means of paying a hotel bill if she had gone on to Houston.

The verdict was in plaintiff's favor for two hundred and fifty dollars, from which defendant appeals.

The court charged the jury: "If from the evidence you conclude that Mrs. Crispi was on July 29, 1888, a passenger on defendant's train by virtue of an excursion ticket issued by the said company from Galveston to Houston, and defendant's train stopped at Harrisburg, an intermediate station, for a time reasonably long enough for the passengers, including Mrs. Crispi, bound for that place to get off, then you need inquire no further, but find for the defendant."

Appellant objects that this was an erroneous charge, because Mrs. Crispi did not know when she arrived at Harrisburg, and made no effort to leave the train; that she was probably asleep.

There is some evidence that she was on the alert and ready to disembark if the train had been stopped.

The other errors assigned are that the court erred in overruling defendant's motion for new trial—

1. Because the testimony of the conductor and brakeman shows that when plaintiff left the train and before, she was notified that if she attempted to return to Harrisburg she would have to cross the two long bridges; that having a knowledge of these facts and the distance from Harrisburg she said she would prefer to return to Harrisburg than go on to Houston, although she had a ticket to Houston.

2. Because the plaintiff alleged in her petition that she was ejected from the train, when her own evidence shows that she left the train voluntarily.

As in other respects the evidence of different witnesses varies as to the distance the train had gone from the stopping place at Harrisburg to the

place where plaintiff left it. Mrs. Crispi stated it was a mile, while one of defendant's witnesses stated it was only 250 or 300 yards.

It is not clear from the evidence that plaintiff appreciated or was fully informed of the difficulties that she would experience in getting to her home if she left the train. Assuming, as there is evidence to indicate, that it was defendant's fault that she did not get off at the depot where her husband was waiting to assist her, we can not conclude that it was more her duty to go, burdened as she was, at so late an hour of the night and unprovided with money, to a strange city than to attempt to make her way back to her own home and friends; nor that under the circumstances it was less the duty of defendant to return her safely to the depot than it was hers to go to the end of the journey.

Plaintiff alleges that she was *required* to leave the train, while, as is objected, the evidence shows that she left it voluntarily.

All of the facts are stated in her petition and voluminously covered by evidence on both sides.

In the sense of being required to leave the train by expulsion or command the allegation is not proved, but in the sense of being required to leave it or be carried to Houston it is abundantly proved.

We see but one question in the case, and that is, did the defendant furnish the passenger a reasonable opportunity to get safely from the train at the usual stopping place?

On this point the evidence being conflicting, the charge of the court correct, and the verdict of the jury against the defendant, the judgment must be affirmed.

*Affirmed.*

Delivered March 5, 1889.