### Colorado Canal Company v. McFarland & Southwell.

Decided April 3, 1908.

1.—Practice—Withdrawing Pleading—Effect.

A defendant has the right to withdraw a pleading, even though verified, and when withdrawn it cannot be considered for any purpose, except as evidence when offered by the opposite party. In a suit for water rent based upon

a contract in writing, the defendant plead in reconvention for damages for breach of a previous verbal contract which appeared on the face of the pleading to be barred by limitation. This pleading was withdrawn and another substituted, in which the defendant sought to avoid the effect of the written contract relied on by plaintiff. Held, a general demurrer to the answer last filed, on the ground of limitation, was properly overruled.

### 2.—Appeal—Briefing—Rule 31.

A mere reference to a pleading as a whole, with the pages of the record where it is to be found, is not sufficient in assigning error to a ruling of the court in passing upon special exceptions to particular allegations in such pleading. The particular allegations must be pointed out in the statement. The statement may be brief, but it must be a correct reflection of so much of the record as is necessary to enable the Appellate Court to pass upon the question raised, and, unless contradicted by the opposite party, the statement will be taken as true.

### 3.—Pleading as Estoppel.

Where, in a suit based upon a written contract, the defendant first answered by plea of *non est factum*, and setting up a verbal contract antecedent to the contract declared on, the defendant was not estopped by such answer to abandon said defense, and to rely upon the written contract.

### 4.—Corporation—Evidence of Character.

In a suit by a corporation for water rents, the character of the corporation is sufficiently shown when it appears from the pleading of the plaintiff that the contract on which it sues was one which only a corporation created for purposes of irrigation under our Revised Statutes could appropriately make, and the failure to introduce the charter in evidence was immaterial.

### 5.—Corporation—Eminent Domain.

The restrictions and limitations imposed by law upon corporations vested with the power of eminent domain exist and apply to such corporations whether the power is ever exercised or not.

### 6.—Irrigation Companies—Common Carriers.

Irrigation companies furnishing water to consumers for compensation, although private corporations, are public or quasi-public carriers, and as such are charged with certain duties to the public, and are subject to reasonable control by the Legislature and the courts, and any attempt on the part of such companies to use its monopoly of business along its line for the purpose of coercing compliance with unreasonable or exorbitant demands, will be held illegal and void.

### 7.—Same—Contract—Unreasonable Stipulations.

Whether or not certain stipulations in a contract by an irrigation company, whereby its liability was limited or altogether avoided, were reasonable or unreasonable, was properly submitted by the court to the jury as a question of fact, and in the present instance properly found by the jury to be unreasonable.

### 8.—Practice—Bill of Exception.

When a bill of exception to the exclusion of evidence or to the argument of counsel fails to show what the excluded evidence or the argument was, it cannot be determined whether or not the matter complained of was prejudicial, and hence should not be considered.

### 9.—Same—Affidavit in Lieu of Exception.

In the absence of a bill of exception approved by the court to an argument of counsel, alleged to be improper, an assignment of error based thereon cannot be considered. Affidavits attached to the motion for new trial cannot take the place of a bill of exception.

**10.—Improper Argument.**

In a suit by an irrigation corporation for water rents, argument of counsel for defendant considered, and held calculated to inflame the minds of the jury and prejudice them against the plaintiff, and hence cause for reversal of the judgment.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Gaines & Corbett,* for appellant.—It was error for the court not to consider the abandoned answer and cross-bill of defendants, especially when sworn to, and it was not necessary that same be offered in evidence in order to be considered against them. Gathright v. Wheat, 70 Texas, 742; Barrett v. Featherstone, 89 Texas, 570; Crosby v. Bonnowsky, 69 S. W., 213; Morgan v. Bement, 59 S. W., 910.

The court erred in refusing to give the special charge requested by the plaintiff, which said charge is as follows:

"Gentlemen of the Jury: At the request of the plaintiff, you are charged that if you believe from the evidence that plaintiff failed to furnish water to the defendants as contracted, and you believe that by reason of a failure to supply water the plaintiff injured the defendants' crop, then the proper rule by which you are to determine defendants' damages is to find the difference between what the crop would have probably made if it had been properly watered, and what it did make, damaged, and from that difference, if any you find, deduct the cost of raising, harvesting and marketing the same." Such charge, setting out the proper measure of damages as laid down by the courts of this State, and such measure of damages not having been given by the general charge of the court. Raywood Canal Co. v. Langford, 32 Texas Civ. App., 401; Raywood Canal Co. v. Wells, 33 Texas, Civ. App., 545.

The court erred in its charge to the jury wherein it instructed the jury that if they found from the the the facts and circumstances existing at the time of the execution of the written contract that the provisions therein to the effect that in no event should the plaintiff be liable for any sum of money in excess of $4 per acre for such of defendants' land as it failed to water, and also that if enough rice was raised by defendants to reimburse them for their actual outlay, the plaintiff should not be liable for any sum whatever, was reasonable, that it was valid and binding on the defendants; but should they believe and find from all the facts and circumstances in evidence that the said provision was an unreasonable condition or provision under the conditions then existing, that they should ignore said provision in assessing defendants' damages, if any they found, because the facts and circumstances did not and could not constitute the reasonableness or unreasonableness of the provision. Southern Pac. Ry. v. Maddox, 75 Texas, 306; 19 Am. & Eng. Enc. Law, old ed., 640, 645 and note 4, page 640; see also pp. 639, 640; Long v. McCauley, 3 S. W., 690.

Twenty-First Assignment of Error.— When litigants allege themselves to be entitled by ownership to one-half of certain damages, and allege a right by assignment to the other half of said damages,

and fail to prove up the assignment, and also abandoned claim to one-half of said damages, then it is the duty of the court to instruct the jury they are not entitled to recover at all.

*Linn, Holland & Austin* and *E. N. Krause,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is a suit by the Colorado Canal Company, a corporation, against McFarland & Southwell, to recover the value of 830½ sacks of rice alleged to be due under a contract for furnishing water by plaintiff to defendants to water their rice crop on 445.26 acres of land, at the rate of two sacks of rice weighing not less than one hundred and eighty pounds to each acre of land. The rice was alleged to be of the value of $1661, and plaintiff also sued for ten percent on said amount as attorney's fees under the contract.

The contract sued on, and which was made an exhibit to the petition, contained a provision that failure of the Canal Company to furnish water as provided in the contract should in no event render it liable in excess of $4 per acre for such land as it failed to water, and that should enough rice be raised to reimburse defendants for their actual outlay the company should not be liable at all. There was a further provision that defendants should not place more than six inches of water on any part of the land, and that they would stack the rice if not threshed within twenty days after harvesting, and also that demand for water should be in writing five days before the water was required. Plaintiff sued out a writ of sequestration under which one thousand sacks of rice were seized.

Defendants by their first amended original answer pleaded that they first had a verbal contract with plaintiff for furnishing water, upon which they relied, and that the written contract was executed without consideration and under duress, but by their second amended answer they abandoned the allegations with regard to the verbal contract and relied upon the written contract under which they pleaded that the special provisions of the contract herein set out were unreasonable; that the written demand for water had been waived; that plaintiff had negligently failed to furnish water in accordance with the terms of the contract, and by way of cross-bill they claimed damages in an amount largely in excess of the amount claimed by plaintiff as water rent, for which they prayed judgment.

Plaintiff by supplemental petition pleaded the two years statute of limitation against defendants' claim for damages; that defendants were estopped from setting up, in their second amended answer, a different cause of action from that set up in the first amended answer, and denied specially that the provisions of the contract specially referred to were unreasonable.

The case was tried with a jury and a verdict returned in favor of defendants on their cross action for $1109.18, upon which judgment was rendered. Motion for new trial having been overruled, plaintiff has appealed.

There was no error in overruling the general demurrer to ap-

pelleees' second amended answer and cross-bill, as set up in the first assignment of error. By the proposition under this assignment of error the point is attempted to be raised that the appellees' claim for damages appears by the first amended answer to be barred by the two years statue of limitation, for the reason, we suppose, that a verbal contract was there set up. This verbal contract was expressly abandoned by the second amended answer, upon which the case went to trial. This appellees had a right to do, notwithstanding the former pleading was verified by affidavit, as stated by appellant. This abandoned pleading could not be considered, except as evidence, if offered by appellants, which was not done. The cross-bill was not subject to general demurrer.

The second, third, fourth, fifth, sixth, seventh and eighth assignments of error complain of errors in overruling special exceptions to certain portions of appellees' answer and cross-bill. None of these assignments are so presented as to require consideration, and appellees object to their consideration. In the statements upon the propositions advanced under these assignments the special exceptions referred to are set out in full, but for the particular portion of the answer to which it is addressed, and the ruling of the court, we are simply referred to the pleading as a whole, as "See defendants' second amended answer and cross-bill. Clerks Trans., pp. 25 to 28." "See judgment of the court. Clerk's Trans., p. 52." There is no statement of any kind whatever as to the particular allegations of the answer against which the exception is aimed, further than may be guessed or surmised from the terms of the exceptions. We are given no hint, in the brief, except in the terms of the exceptions, as to whether, in fact, the pleadings are subject to the exceptions, but are driven to an inspection of the answer as a whole, covering over ten pages of the record, to find what are, in fact, the particular allegations excepted to. This is in violation of rule 31, which provides that to each proposition "there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record." A mere naked reference to a pleading as a whole, with the pages of the record where it is to be found, is clearly not sufficient in assigning error to the ruling of the court in passing upon special exceptions to particular allegations in such pleading. The statement as to such allegations may be brief, but there must be some statement of their substance. The statement required by rule 31 must be a correct reflection of whatever may appear in the record necessary to be shown to enable the court to pass upon the question presented, and unless contradicted by the opposite party, is required to be taken as true. (Rule 41.) So that when a case is properly briefed, the court need only look to the record when the statements in the brief of the one party are denied by the other party. Obviously a mere reference to a page or pages of the record where certain proceedings, pleadings or evidence are to be found is not a compliance with the rules for briefing. The objections of appellees to the consideration of the assignments named,

and others to be hereafter referred to, are well taken, and they will not be considered.

By the allegations of the first amended answer pleading *non est factum* to the written contract and setting up a verbal contract antecedent thereto, appellees were not estopped to abandon such pleas and rely upon the written contract by a subsequent amended answer. There was no . error in sustaining appellees' special exception to such plea of estoppel.    Appellant's proposition under the assignment that abandoned pleadings are admissible in evidence is a perfectly sound proposition, but has no relation whatever to the assignment, which on this account might properly have been disregarded.

There was no error in refusing appellant's requested charge on the measure of appellees' damages.   The charge of the court on this, subject was correct.   (Dunlap v. Raywood Rice Co., 43 Texas Civ. App., 269; Long on Irrigation, sec. 131, p. 273.)

There is no merit in the eleventh assignment.   The jury were instructed that appellant was entitled, at all events, to the rent, being the market value of 830½ sacks of rice, as claimed by appellants, and instructed to find for appellant for that amount, unless under some other instruction therein given they found for defendants.    They were further fully instructed, in case they found for appellees damages in a less amount than the value of the rent rice, to deduct such damages therefrom and allow appellant the difference, and in case such damages were greater than the value of the rent rice to allow appellees the difference.   The charge was entirely clear on this point.

There was abundant evidence of lack of ordinary care on the part of appellant in furnishing water, and there was no error, of which appellant can complain, in submitting the issue.

The thirteenth assignment of error relates to the submissions to the jury of the waiver by appellant's general manager of the written demand for water, it not being shown, as stated in the assignment, that the general manager had power to do so, nor that knowledge of such action was brought home to appellant.   Three propositions are advanced under this assignment.   The first two have no relation to the assignment.   The third is that no employee or agent has authority to waive the terms of the written contract.   The statement following the assignment is as follows: "See charge of the court, 4th paragraph, Clerks Trans., p. 46."   This is not sufficient and the assignment will not be considered.   There is no statement from the record as to the testimony on this point.

The fourteenth assignment presents the same question as the twelfth assignment and is overruled.

For the same reasons already given with respect to other assignments, the fifteenth assignment will not be considered.   This assignment assails the charge of the court in many particulars, embraces several distinct propositions, and is stated as a proposition. The only statement following is "See charge of the court, 8th paragraph, Clerk's Trans., p. 48."

Vol. L. Civil—7.

The sixteenth assignment of error is subject to the same criticism as others which we have refused to consider, in the lack of proper statement, but as the question attempted to be raised is of importance we will dispose of it. The court submitted to the jury the issue of the reasonableness or unreasonableness of certain provisions in the contract, hereinbefore specifically pointed out, particularly the stipulation that in no event would appellant be liable for more than $4 per acre by way of damages for failure to carry out its contract to furnish water, and would not be liable at all if appellees made enough rice to pay them for their actual outlay. This is assigned as error.

It is objected by appellant that there was no proof as to the character of the corporation. The charter was not introduced in evidence, but the petition states that appellant, The Colorado Canal Co., is a corporation duly incorporated under the laws of the State of Texas. It is alleged that plaintiff has, under article 3130 of the Revised Statutes of Texas, a statutory lien on all of the rice raised on the lands described in the contract. The contract is attached as an exhibit to the petition and shows it to be such a contract as would be appropriate to be made only by a corporation created for purposes of irrigation under article 3115 to 3131, Revised Statutes. We think this was sufficient to show the character of the corporation.

It is further contended that it was not shown that the corporation had ever exercised the power of eminent domain given it by statute and therefore was not subject to the limitations and restrictions imposed upon such corporations by law. This contention is not sound. It makes no difference whether the right of eminent domain had been exercised. That it had the right is all that is necessary.

Coming then to the larger question as to whether appellees were bound by all of the stipulations in the contract, whether reasonable or not, which is appellant's contention: This question was discussed by the Court of Civil Appeals of the Fourth District upon a former appeal of this case, and decided against appellant's contention. (Colorado Canal Company v. Southwell, 94 S. W., 404.) It is stated in the opinion that the point had not been raised by appellee's pleadings, and that therefore it was not necessary that it be decided, but it is fully discussed and decided, as proper for the purpose of another trial, and this cause was tried with reference to that opinion. If we had doubts of the soundness of that decision we would not, at least without great hestitation, depart from it now. But we have none. We think the conclusion sound and supported by the authorities, and is a necessary deduction from what is said about the character of this kind of a corporation in Borden v. Trespalacios Rice Co., 98 Texas, 495. By the provisions of article 3115, Rev. Stats., the water of any flowing river or natural stream, within those portions of the State of Texas in which by reason of insufficient or irregular rainfall irrigation is beneficial for agricultural purposes, is declared to be the property of the public. There is a similar statute in Colorado, in which State many of the de-

cided cases arise, also in California and probably many other States where laws with regard to irrigation have engaged the attention of the Legislature. It is quite uniformly held in those States that irrigation companies furnishing water to consumers for compensation, although private corporations, are public or quasi public carriers of water, charged with a public duty or trust, engaged in the business of transporting for hire, water owned by the public to the people owning the right to its use. As public carriers they are charged with certain duties to the public and are subject to a reasonable control by the Legislature and the courts. (Long on Irrigation, secs. 130-133.)

In Borden v. Trespalacios Co., *supra,* it was said by the Supreme Court, referring to a corporation of the same character: "The power to contract, here given, to the owner of the plant, can not, if the business is to be regarded as affected with a public interest, be recognized as absolute and uncontrolled. Common carriers, and others engaged in public callings, have the power to contract, but it can not be so employed as to absolve them from their duties to the public, or to deprive others of their rights. Rights are evidently secured by this statute to those so situated as to be able to avail themselves of the water provided for, and those rights it is the duty of the owners of the contemplated business to respect; and the power to contract, under the well recognized principles applicable to those charged with such duties, must be exercised in subordination to such duties and rights. Reasonable contracts are what this statute means, and not contracts employed as evasions of duty."

If appellant, after making a contract with a land-owner for furnishing water, could limit its liability for failure to do so, to $4 per acre, regardless of the amount of damage actually suffered, it could so limit it to a much less sum, or provide against any liability whatever, and so evade altogether the performance of its duty. There might also exist circumstances under which the obligation that appellees should not put more than six inches of water on any portion of the land watered, would deprive them of any water at all on a large part of their land.

"In voluntarily engaging in the business of carrying water as a public agency, in the absence of any legislation on the subject, an irrigation company must be held to have submitted itself to a reasonable judicial control in the matter of regulations and charges, and any attempt by it to use the monopoly of business along the line of its canal, which it usually has, for the purpose of coercing compliance with unreasonable and exhorbitant demands, would lay the foundation for judicial interference." (Long on Irrigation, sec. 133, p. 277; Wheeler v. Northern Irr. Co., 17 Pac., 487.) It was proper to submit the question of the unreasonableness of the provisions of the contract referred to to the jury. (Western Union Tel. Co. v. Ayers, 93 S. W., 199.) It would certainly afford no defense to appellant that it imposed the same terms on all others that it imposed upon appellees. Appellees by full and specific allegations pleaded that the provisions in the contract referred to were un-

reasonable. The sixteenth and seventeenth assignments of error are overruled.

The court did not submit to the jury the reasonableness of the stipulation requiring demand for water to be in writing, but only the issue as to whether it had been waived.

There is no merit in the eighteenth and nineteenth assignments. The expense of sacking the crop was necessarily included in the expense of placing it on the market, as is expressly set out in appellant's brief.

The twentieth assignment has no proposition and will not be considered.

The twenty-first assignment presents no error.

The twenty-second and twenty-third assignments complain of the action of the court in refusing to admit certain testimony. It does not appear from the statement what answer the witnesses would have made to the question objected to. We can not say that the refusal to admit the testimony was prejudicial to appellant. The assignments are overruled.

The remarks of counsel for appellees objected to in the twenty-fourth assignment do not appear to us to be beyond the limits of fair argument.

By the twenty-fifth assignment appellant complains of the reference, in argument, by appellees' counsel, to the average yield of rice as shown by commercial reports, which were not in evidence. This was improper and must be condemned. We can understand why counsel, in the heat of argument, should inadvertently resort to such improper argument, but when attention is called to it by objection of opposing counsel, we can not understand why such improper argument would not be promptly withdrawn. We would think the risk, however small, of a new trial in case of a favorable verdict would be sufficient to prompt such action. In the present case, however, it is not made to appear what the commercial reports referred to in the argument were alleged to show, or that the statement with regard thereto was, or could have been, prejudicial to appellant. The assignment presenting the question is overruled.

We can not consider the twenty-sixth assignment presenting objections to other parts of the argument of counsel for appellees, as there is no bill of exceptions approved by the court. We can not consider the affidavits presented, in the motion for new trial for that purpose.

The judgment of the court, to which we are referred in support of the twenty-seventh assignment, does not disclose any error in the manner of receiving the verdict.

The remaining two assignments complain of the verdict and judgment as not being supported by the evidence, and as excessive. We are of the opinion that neither presents sufficient grounds for reversal, and they are therefore overruled.

We find no sufficient ground for reversing the judgment and are of the opinion that it should be affirmed, and it is so ordered.

### ON REHEARING.

The twenty-fourth assignment of error in appellant's brief complains of the following language used by counsel for appellees in the closing address to the jury:

"Gentlemen of the Jury: The State of Texas has conferred her sovereign rights upon this quasi-public corporation (meaning the plaintiff), and authorized it to take your land without your consent, even to the taking of your homestead, and use it for its right of way, and by this authority and power enables it to peon all of the lands under its canals for a period of fifty years, and to get a revenue from this land without the payment of one dollar of the taxes on the land value, and no other canal company or man can go into this territory and water one acre of land, because this company has the control of such land, because it is not to the interest or valuable to any other canal or person to parallel plaintiff's canal or divide its territory, and they therefore control the lands planted to rice under it."

In passing upon this assignment we held that the language did not appear to us to go beyond the limits of fair argument. It was our conclusion that this was true in a discussion before the jury of the issue of the unreasonableness of certain stipulations in the contract. In this we think we were in error. It was a matter of law for the court to decide, whether the unreasonableness of those stipulations could be urged as a defense by appellees. Having determined that this issue should be submitted to the jury, in determining that issue it was not material that the one party to the contract was a quasi-public corporation with the power of eminent domain. That could not affect the question as to whether the stipulations in the contract were unreasonable, but only the law question as to whether, if unreasonable, they should be enforced. In this view no proper argument could be made to the jury that appellant had the power to condemn and take away the farms of the jurors, for the purposes of the canal, and "peon" all the lands lying along the canal. Such argument could only have the effect of inflaming the minds of the jurors against appellant and arousing prejudicie against it to the obscuration of the real issues.

In the case of Gulf, C. & S. F. Ry. v. Scott, (26 S. W., 999), the judgment was reversed solely on account of language in no degree more objectionable than that used in the present case. (See also Galveston, H. & H. Ry. v. Cooper, 70 Texas, 67; Texas & St. L. Ry. v. Jarrell, 60 Texas, 267; Willis v. McNeill, 57 Texas, 473; Gulf, C. & S. F. Ry. v. Jones, 73 Texas, 236.)

When the objectionable argument was made, counsel of appellant objected and asked that counsel making the argument be restrained and that the jury be instructed to disregard the statements made. The court refused to do either. The effect of this upon the jury could only be to create the impression that the facts stated in the argument referred to were proper for their consideration in determining the issues submitted to them. The evidence was sharply conflicting, especially upon the issue as the amount of appellee's damages,

and it is very probable that the verdict was influenced to some extent by the improper argument.

That the trial judge refuses to restrain counsel renders it only the more necessary that they restrain themselves.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*