## AMERICAN RIO GRANDE LAND & IRRIGATION CO. v. MERCEDES PLANTATION CO. (No. 8–2569.)

(Commission of Appeals of Texas, Section A. Feb. 19, 1919.)

1. WATERS AND WATER COURSES ☞261—IRRIGATION—CONTRACT—LIMITING LIABILITY.

Defendant irrigation company, organized under Rev. St. 1911, art. 5002, cannot by contract limit its liability for failure to furnish water to land adjacent to its canals to an arbitrary amount, regardless of damage.

2. WATERS AND WATER COURSES ☞249—IRRIGATION COMPANY—DUTY TO SUPPLY WATER.

The purpose of permitting incorporation under Rev. St. 1911, art. 5002, is to enable the corporation to furnish water for irrigation to those entitled to the same; and while this can be done by contract, those owning or holding a possessory right or title to land adjoining or contiguous to canal are entitled to water at a just and reasonable rate, regardless of contract.

3. WATERS AND WATER COURSES ☞261—IRRIGATION—CONTRACT—LIMITING LIABILITY.

Provision of contract of defendant irrigation company, organized under Rev. St. 1911,

art. 5002, that it should not be liable for more than $10 per acre for failure to supply water, was unreasonable and void.

**4. WATERS AND WATER COURSES ☞249—IRRIGATION—DUTY TO SUPPLY WATER.**

Defendant irrigation company, organized under Rev. St. 1911, art. 5002, was, without contract, obligated to deliver water to plaintiff for the purpose of irrigating the latter's lands adjacent or contiguous to defendant's canal upon reasonable demand, reasonable terms, and within the ability of defendant to supply the same by the exercise of reasonable diligence.

**5. WATERS AND WATERS COURSES ☞254—IRRIGATION — DEMAND FOR WATER — SUFFICIENCY.**

A notice to defendant irrigation company by plaintiff, entitled to be supplied with water, that it had about 100 acres of cabbage that would need irrigation, was not a due demand for water for a specific tract, as required by the rules of the company.

**6. WATERS AND WATER COURSES ☞254—IRRIGATION—RIGHT TO WATER—DEMAND.**

Substantial compliance with rule of defendant irrigation company, requiring applications for water to state the number of acres to be irrigated and the location of the same, was a condition precedent to the right to water.

**7. WATERS AND WATER COURSES ☞263—DESTRUCTION OF CROP—DAMAGES.**

The proper basis for determination of damage for loss of crop of cabbage, due to failure to supply water for irrigation, was the value of the yield when matured and ready for sale.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by the Mercedes Plantation Company against the American Rio Grande Land & Irrigation Company. Judgment of the trial court for plaintiff was affirmed in part and reversed in part by the Court of Civil Appeals (155 S. W. 286), and defendant brings error. Judgment of the Court of Civil Appeals reformed, and, as reformed, affirmed.

Duval West and Frank H. Booth, both of San Antonio, for plaintiff in error.

James B. Wells and F. W. Seabury, both of Brownsville, and Mason Williams, of San Antonio, for defendant in error.

SONFIELD, J. The Mercedes Plantation Company, a corporation, plaintiff, brought this action against the American Rio Grande Land & Irrigation Company, a corporation, defendant, for damages for failure to deliver water for irrigation purposes. The trial was had before the court and resulted in a judgment for the plaintiff in the sum of $35,291. On appeal the Court of Civil Appeals affirmed the judgment of the district court as to certain items of damage aggregating the sum of $20,063.33. The balance

of the judgment was reversed and there rendered in favor of defendant.

The record is voluminous, and we refer for a full statement of the pleadings and facts to the statement and opinion of the Court of Civil Appeals. 155 S. W. 286.

Plaintiff sought a recovery of damages for failure to deliver water from June 1, 1907, to December 1, 1908, under a parol contract with defendant; this period being prior to the completion of the canal and plant of defendant. It also sought a recovery for damages accruing from December 1, 1908, the date of the completion of defendant's canal, and upon which date water was actually supplied, to January 19, 1909, at which date a written contract was entered into between plaintiff and defendant. This claim is predicated upon the parol contract and the statutory right asserted by plaintiff to have the land owned by it contiguous to defendant's canal furnished with water for irrigation. Plaintiff further sought recovery of damages accruing after January 19, 1909, under the written contract.

The Court of Civil Appeals eliminated the question of damages accruing prior to the completion of defendant's canal under the alleged parol contract, and the items recovered by plaintiff were for damages arising subsequent to the completion of defendant's canal under plaintiff's statutory right and under the written contract.

[1] Defendant corporation was organized under and in virtue of article 5002, Rev. St. 1911, as an irrigation corporation. It is well settled in this state that a corporation organized under the irrigation act is a quasi public corporation, charged with certain duties to the public by reason of the powers and privileges conferred upon it by the statutes pertaining to irrigation. Borden v. Rice & Irrigation Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640; Imperial Irrigation Co. v. Jayne, 104 Tex. 395, 138 S. W. 575, Ann. Cas. 1914B, 322; Raywood Co. v. Erp, 105 Tex. 161, 146 S. W. 155.

Counsel for defendant prepared and submitted an argument of great force, wherein it is sought to be maintained that under the facts defendant was not vested with the rights and privileges, or charged with the duties of a quasi public corporation. We have given careful consideration to the argument advanced, but upon an examination of the record, in the light of the findings of fact by the trial court, approved by the Court of Civil Appeals, we are convinced that defendant must be held a quasi public corporation.

The written contract between the parties contains a provision limiting the liability of defendant for its negligence to a sum not exceeding $10 per acre of the land. Defendant insists that plaintiff's recovery un-

der said contract must be accordingly so limited.

[2] The act, under which defendant is incorporated, confers upon it certain extraordinary rights and powers, and exacts in return therefor certain duties. The business cannot be regarded as a private enterprise. It is affected with a public interest. The evident purpose of permitting incorporation under the irrigation act is to enable such corporations to furnish water for specified purposes to those entitled to receive the same. This can be done under contract between the parties, but if a contract cannot be agreed upon, those owning or holding a possessory right or title to land adjoining or contiguous to the canal are entitled to water at just and reasonable rates, provided there is a supply of water not contracted for. The right of contract is not, however, unlimited. The limitation upon the power to contract is thus stated in Borden v. Rice & Irrigation Co., supra:

"The power to contract, here given to the owner of the plant cannot, if the business is to be regarded as affected with a public interest, be recognized as absolute and uncontrolled. Common carriers and others engaged in public callings have the power to contract, but it cannot be so employed as to absolve them from their duties to the public or to deprive others of their rights. Rights are evidently secured by this statute to those so situated as to be able to avail themselves of the water provided for, and those rights it is the duty of the owners of the contemplated business to respect; and the power to contract, under the well-recognized principles applicable to those charged with such duties, must be exercised in subordination to such duties and rights. Reasonable contracts are what this statute means and not contracts employed as evasions of duty."

[3] It being the duty of defendant under the statute to furnish plaintiff with water for irrigation, it could not by contract limit its liability for negligently failing to furnish same to an arbitrary amount, regardless of the damage actually suffered. The trial court and the Court of Civil Appeals held this provision unreasonable, and therefore invalid. We concur in such holding. Raywood Co. v. Erp, 105 Tex. 161, 146 S. W. 155; Colorado Canal Co. v. McFarland, 50 Tex. Civ. App. 92, 109 S. W. 435.

Plaintiff sought recovery for damages resulting from the failure of defendant to furnish water for the irrigation of 25 acres of land for cabbage; the damages accruing prior to the written contract between the parties. In the trial court plaintiff was awarded the sum of $7,190 for this item of damage, which award was affirmed by the Court of Civil Appeals.

[4] Defendant under the irrigation act, without contract, was obligated to deliver water to plaintiff for the purpose of irrigating its lands adjacent or contiguous to defendant's canal upon reasonable demand, reasonable terms, and within the ability of defendant to supply same by the exercise of reasonable diligence, unless its water supply was contracted for to others entitled thereto. No defense is made upon the ground of lack of water supply.

The trial court found that due demand for water was made on January 2d to water 5 acres. which demand was repeated on January 4th, and on that date enough water was furnished to irrigate 2 acres ònly. On January 5th plaintiff complained to defendant in writing of the stoppage of water, and notified it that plaintiff had about 100 acres of cabbage needing irrigation from that day forward, and that it must have water every day. No water was furnished from January 4th to January 11th. By reason of such failure, plaintiff was unable to set out such cabbage plants, and had to pull and throw away more than 300,000 plants, and was unable to plant "about" 25 acres of its land which it had intended so to plant therefrom, which land it had thoroughly prepared and had ready for the transplanting of said cabbage, and was forced at a later period to plant same in cotton and corn, which could be grown without irrigation. The amount recovered was the value of the cabbage that would have been produced on said 25 acres had water been furnished, less the expense of setting out, cultivating, irrigating, harvesting, and marketing same,' and less the value of the crop of cotton and corn actually raised on said land.

Defendant promulgated certain rules governing the delivery and use of water, among others the following:

"All applications for water must be made in writing oñ blanks furnished by the company, and each applicant shall state the number of acres to be irrigated, the location of the same, and the kind of crop to be irrigated, and the day when water is wanted. Every application shall be filed in the office of the superintendent or delivered to the ditch tender; but the company shall have five days within which to deliver water after the time specified in the application. This time is provided to insure efficient service," etc.

It is undisputed that plaintiff was familiar with this rule, and prior to its complaint to defendant of January 5th had used the cards furnished by defendant in its demands for water.

[5] Defendant concedes its liability to plaintiff for failure to furnish water for 3 of the 5 acres, for which water was duly demanded. Whether defendant is liable for damages to the additional 22 acres depends upon the question whether the complaint and alleged demand for water for about 100 acres, dated January 5th, was sufficient under the rule of defendant, hereinabove set out.

The complaint and alleged demand of Jan-

uary 5th, addressed to the president of defendant company, reads as follows:

"On January 1st we requested water to irrigate five acres of cabbage, and we received water for about two acres; then the water supply was cut off, leaving us about two hundred thousand cabbage plants pulled, which will be a total loss unless we get water at once.

"We have about one hundred acres of cabbage that need irrigation from now on. And we want water every day.

"Please give us your prompt attention and advise us."

The rule required that all applications for water should state the number of acres to be irrigated, and the location of same. Plaintiff's plantation consisted of some 197½ acres. The location of the acreage, for which water was required, is not stated in the letter, nor is there any manner of description of the same. If there is anything in the record to show just what acreage was intended there is certainly nothing therein to indicate that the 25 acres, for which damages were allowed, formed a part of the tract of "about one hundred acres" mentioned in the letter. The requirement of a description of the acreage or statement of its location was not a mere matter of form, but was deemed necessary, as stated in the rule, "to insure efficient service." Defendant was required to furnish water for a large acreage contiguous to its canal. The nature of the business required promptness and dispatch in furnishing water when demanded, and defendant had the right to insist that the location of the acreage, for which water was desired, should be stated and it not be put to the trouble, expense, and delay incident to a determination of the location of same.

[6] Defendant was obligated to deliver water only upon due demand therefor. A substantial compliance with the above rule, which is not attacked as unreasonable, is a condition precedent to the right to water. In order to recover the value of the crop that would have been raised upon a tract of land, the burden was upon plaintiff to show that due demand was made for water for the specific tract and defendant's failure to furnish same. We are of opinion that in this plaintiff failed, and can only recover damages for failure to water 3 of the 5 acres, for which due demand had been made. The record disclosing that the damages as found by the court were placed at $179.75 per acre, plaintiff is entitled to a recovery in the sum of $539.25 for this item of its damage.

In the trial court plaintiff recovered the sum of $12,000 as damages resulting from failure to supply water for the irrigation of 80 acres of cabbage under the written contract of January 19, 1909.

The trial court measured the amount of the market value of the cabbage by the average market value of same from March 8th to June 5th. The Court of Civil Appeals holds that the amount should have been computed on the basis of the average market value from April 27th, the date of the injury, to the close of the season, June 5th, and set aside the judgment of $12,000, rendering the same in favor of plaintiff in the sum of $6,593.33. Defendant contends that the damages should have been based on the average from May 8th to June 5th, because under the evidence the crop would not have matured and been ready for sale prior to May 8th.

[7] The trial court found that had water been furnished seven or eight days after April 20th, there would have been no damage. The undisputed evidence is that the cabbage would not have matured in less than two or three weeks after such irrigation. The value of the yield, when matured and ready for sale, is the proper basis for the determination of the damage. Railway Co. v. Pape, 73 Tex. 501, 11 S. W. 526. The market value prior to May 8th should therefore have been excluded. The record discloses that the average market value of the cabbage from the 8th day of May to the 5th day of June was $1.71 per hundredweight. The Court of Civil Appeals places plaintiff's loss at 862,000 pounds. At $1.71 per hundredweight, there would have been a gross loss of $14,740.20; deducting from this amount the cost of marketing, as found by the Court of Civil Appeals in the sum of $8,620, and the cost of harvesting, watering, and cultivating, $2,026.67, leaves a net loss to plaintiff of $4,093.53, and plaintiff is entitled to judgment in said sum in lieu of the sum of $6,593.33 allowed by the Court of Civil Appeals in reversing and rendering the judgment of the trial court.

We find no other errors in the record. We are of opinion that the judgment of the Court of Civil Appeals should be reformed, awarding plaintiff damages in the sum of $539.25 for failure to furnish water for 3 acres of cabbage in lieu of judgment of $7,190 awarded by the trial court and affirmed by the Court of Civil Appeals, awarding plaintiff the sum of $4,093.53 for damages for failure to furnish water to irrigate 80 acres of cabbage in lieu of the judgment of the Court of Civil Appeals of $6,593.33, and awarding plaintiff the sum of $6,280 for damages to 10 acres of cucumbers, being the amount awarded by the trial court and affirmed by the Court of Civil Appeals, making an aggregate judgment in favor of plaintiff against the defendant in the sum of $10,912.78; and, so reformed, the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.