### BRYAN v. UNITED IRR. CO.    (No. 7203.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 22, 1924. Rehearing Denied Dec. 24, 1924.)

1. **Waters and water courses ⬦⫘261—Irrigation company liable for failure to furnish water.**

An irrigation company is liable in damages for failure or refusal to furnish water to contiguous landowners for irrigating, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 5002b.

On Motion for Rehearing.

2. **Waters and water courses ⬦⫘261—Provision in lease exempting irrigation company from liability for failure to supply water held void.**

Where lease of land contiguous to a canal provided that in consideration thereof lessee shall have no claim or demand against irrigation company for failure to furnish water, *held* that lessee, as rightful possessor of land, had legal right to water, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5002b, and such provision in face of statute was against public policy, and null and void.

3. **Waters and water courses ⬦⫘261—Irrigation company cannot limit liability for failure to furnish water.**

Irrigation companies are quasi public corporations owing duty to public, and cannot limit their liability or make valid contract exempting themselves from performance of such public duty, nor could owner of land contiguous to canal, who is also president of irrigation company, make contract for company, exempting it from liability for failure to furnish water.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Action by C. E. Bryan against the United Irrigation Company. From judgment of dismissal, plaintiff appeals. Reversed and remanded.

Gordon Griffin, of McAllen, and W. L. Dawson, of Mission, for appellant.

---

⬦⫘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 18, 1925.

D. F. Strickland, of Mission, and Seabury, George & Taylor, of Brownsville, for appellee.

FLY, C. J. This is a suit instituted by appellant against appellee for $1,670, alleged to have accrued by a failure and refusal of appellee, an irrigation company, to furnish sufficient water to irrigate certain land being cultivated by him. Appellee filed a general demurrer and special exceptions to the petition, and in a supplemental petition appellant set up exceptions to the answer of appellee. The latter were all overruled as well as the exceptions to the petition, with the exception of special exceptions Nos. 9 and 10, which were sustained, and, appellant refusing to amend, the cause was dismissed. The two exceptions sustained are as follows:

"(9) That plaintiff's petition shows on its face, and by reference to the lease contracts between John H. Shary as lessor and plaintiff as lessee, attached to and made part of said petition, that plaintiff's rights to the possession and use of said lands, and of the appurtenant water rights, thereby leased from and by John H. Shary, were expressly limited by the following stipulations: 'And it is further agreed as part of the consideration for this lease that the lessee shall have no claim or demand against the United Irrigation Company for failure to furnish water for any cause whatsoever during this lease'; and that said petition contains no allegations explaining or qualifying the apparent meaning of that stipulation, nor does it allege any facts by reason of which said stipulation should not apply to plaintiff's demands herein, and wholly bar assertion of the same in this suit.

"(10) That plaintiff's petition does not allege that the stipulation aforesaid was ever abandoned, modified, or waived by said John H. Shary, or by this defendant during or after the terms of said leases; or that plaintiff's application and payment for water, and defendant's delivery of water to him, were made otherwise than under and by virtue of said lease contracts (and the permanent water contract therein referred to) in fulfillment thereof, and subject to the limitations therein set forth."

[1] It is alleged in the petition that appellant had leased certain land from John H. Shary, adjacent to the canals of the appellee. Shary was the owner of the land, and was also president of the irrigation company. The land did not belong to the appellee. The only question presented is, Does the attempt of Shary, as owner of the land, in his lease to appellant, to exempt appellee from damages for failure to perform its duty as an irrigation company, whether through negligence or otherwise, relieve it of all liability? That an irrigation company is liable in damages for a failure or refusal to furnish water to contiguous landowners for irrigating is too well established to bear discussion. Borden v. Trespalacios Rice Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640; Canal v. McFarland (Tex. Civ. App.) 94 S. W. 400; Id., 50 Tex. Civ. App. 92, 109 S. W. 435; Canal Co. v. Erp., 105 Tex. 161, 146 S. W. 155; Canal Co. v. Elliott (Tex. Civ. App.) 193 S. W. 255; Irrigation Co. v. Mercedes Plantation Co. (Tex. Com. App.) 208 S. W. 904. The rule is thus stated in Kinney on Irrigation and Water Rights, § 1667, p. 3065:

"Therefore, where a person, association, or corporation is under the duty to furnish actual consumers with water, either as imposed by law or under contract, and has failed in the past to comply with such duty and to furnish the water, an action at law for damages resulting therefrom will lie by the party injured against the party having so failed to furnish him with the water."

This is the well-established rule in Texas.

It is the contention of appellee, however, that "the owner of land, to which permanent water rights are appurtenant, created by water contract with an irrigation company that has undertaken thereby to furnish said lands with water, may lawfully refuse to lease same to a stranger, except on condition that such person, as his tenant, shall have no claim against the company for failure to furnish such water, and a lease contract containing such condition or limitation is not in violation of any principle of law." This proposition is based upon the existence of facts that are not found in this record. The record does not disclose that any permanent water rights had become appurtenant to the land leased by Shary to appellant, nor any other of the imaginary facts upon which appellee bases its proposition. A number of authorities are cited to sustain the proposition. If the imaginary facts were real, however, the authorities cited do not sustain appellee's proposition. No such doctrine is enunciated in Kinney, § 1025, pp. 1832-1834. Kinney cites the case of Moore Canal Co. v. Gyle, 36 Tex. Civ. App. 442, 82 S. W. 350, and that case is depended on by appellee to sustain its exceptions. In that case damages were sought for a failure to furnish water to make a crop of rice, under a contract which limited the damages to $4 an acre. The land was leased to the plaintiff by the canal company, and the Galveston Court of Civil Appeals held:

"The question of how far an irrigation canal company, organized under the laws of this state, may limit its liability for failure to furnish water to persons who have the right under the statute to demand such service from the company does not arise upon the facts of this case. The appellee is not the owner of land * * * adjoining or contiguous to appellant's canal, except such right as he obtained by the lease contract entered into with appellant. This contract is the charter of his rights, and appellant's liability to him must be measured by its terms."

In other words, the owner of the land and the water would have the rights to make such contract or lease as suited him.

Whether such holding is law or not we are not called upon to say, for no such facts arise in this case. The fact that the owner of this land was the president of the irrigation company, or even owned a majority of the shares in the corporation, did not make the latter the owner of the land, or make it a party to the contract. This case must be treated in the same manner it would be treated if Shary owned no interest in the corporation. The doctrine of the Canal Co. v. Gyle Case should not be broadened, but should be confined to the facts in that case. The case of Vineyards v. Ft. Stockton Irr. Co. (Tex. Civ. App.) 158 S. W. 1191, merely holds that an irrigation company selling its land may provide in its deed that it shall not be liable for damages arising from seepage of water from its canals. It has nothing to do with irrigation.

The cases of Northern Irr. Co. v. Dodd (Tex. Civ. App.) 162 S. W. 946, and of Northern Irr. Co. v. Watkins (Tex. Civ. App.) 183 S. W. 431, were leases of its land by the irrigation company, and the leases provided for a certain sum in case of a failure to furnish water. The decisions, having similar facts, followed the Gyle Case herein cited. The case of Canal Co. v. Elliott (Tex. Civ. App.) 193 S. W. 255, does not in any manner sustain the exceptions urged by appellee. Appellant had the possessors' right to the land, and the lessor bound himself to pay the water charges, and appellee recognized the right of appellant to demand the water. The statute provides that "all persons who own or hold a possessory right or title to land" adjoining or contiguous to a canal or reservoir shall be entitled to water for irrigation. Article 5002b; Am. Rio Grande Irr. Co. v. Mercedes Co. (Tex. Civ. App.) 155 S. W. 286.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

[2] The lease contracts were not overlooked by this court, but the former opinion was written with a view to the terms of the contracts. We reiterate the assertion of that opinion to the effect that the facts in this case do not bring it within the purview or reasoning of the cases which permit an irrigating company that owns lands to make an agreement with lessees to the effect that it shall not be held liable for a failure to furnish water for irrigating purposes. This is a case in which a lessee has entered into a contract with a landowner to rent and cultivate certain land, and the landowner does not bind himself to furnish water, but only to pay for it if it should be furnished, and then endeavors to prevent the lessee from having any redress against an irrigation company, bound by the law to furnish water to the lessee. In other words, the contract is drawn not in the interest of the lessee, but in the interest of the landowner and the corporation controlled by him. The lessee might have his crops utterly destroyed by a failure or refusal to furnish water, and, when he would seek relief from his lessor, he would be told that such lessor had never agreed to furnish the renter any water, but only to pay for it, if it should be furnished. The unhappy renter on approaching the water company would be met with the reply that, although no water had been furnished, the contract protected it, and there would be no redress. It was a well-laid scheme to place the tenant in a position where he would be absolutely without redress, no matter how flagrant the wrongs perpetrated against him by the irrigation company. In so far as Shary sought to contract against the negligence of the irrigation company in not furnishing sufficient water was concerned, it was invalid. Appellant was in rightful possession of the land, and as such possessor had the legal right to water, which, under the law, the appellee was bound to furnish. A contract exempting appellee from damages inflicted on appellant was in the face of the statute, against public policy, and null and void. Dunbar v. Irr. Co. (Tex. Civ. App.) 195 S. W. 614; Louisiana Canal Co. v. Frazier (Tex. Civ. App.) 196 S. W. 210. The tenant on the land contiguous to the canal had the possessory right to the land, and was entitled to the use of the water, and the landlord could not make a valid contract relieving the irrigation company from a violation of the statutory duty. Lastinger v. Irr. Co. (Tex. Civ. App.) 167 S. W. 788.

[3] Irrigation companies are quasi public corporations, and cannot limit their liability to the public or any number of it by contract. In other words, an irrigation company owes a duty 'to the public, and cannot make a valid contract to exempt itself from the performance of such public duty. 3 Kinney Irr. & Water Rights, p. 2718, § 1511; Colorado Canal Co. v. McFarland, 50 Tex. Civ. App. 92, 94 S. W. 400, 109 S. W. 435; Granger v. Kishi (Tex. Civ. App.) 139 S. W. 1002. As said by the Supreme Court in Borden v. Trespalacios Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640:

"The power to contract, here given [in the statute], to the owner of the plant cannot, if the business is to be regarded as affected with a public interest, be recognized as absolute and uncontrolled. Common carriers and others engaged in public callings have the power to contract, but it cannot be so employed as to absolve them from their duties to the public, or to deprive others of their rights. Rights are evidently secured by this statute to those so situated as to be able to avail themselves of the water provided for, and those rights it is the duty of the owners of the contemplated business to respect, and the power to contract, under the well-recognized principles applicable to those charged with such duties, must be exercised in subordination to such

duties and rights. Reasonable contracts are what this statute means, and not contracts employed as evasions of duty."

Undoubtedly the contract made by Shary, as an individual, although he was president of the corporation, was made with a view to protecting the corporation from the effects of a failure to perform a statutory duty. It was a mere subterfuge, but it is clear that if the corporation could not legally make such a contract no one could make it for the corporation. Appellee could not evade its responsibility to the possessor of land by contracting "that the lessee shall have no claim or demand against the United Irrigation Company for failure to furnish water for any cause whatsoever during this lease," and neither can Shary execute any such contract for its benefit. Appellant was bound in rigorous terms by the contract to obey all rules and regulations of the corporation, and to irrigate the land, but no one, neither Shary nor appellee, was bound to furnish the water to irrigate. It is indeed a delectable contract for Shary and the corporation.

The motion for rehearing is overruled.