**UNITED IRR. CO. v. BRYAN.**
(No. 738–4330.)

(Commission of Appeals of Texas, Section A. Feb. 17, 1926.)

1. **Waters and water courses** ⬅261—**Irrigation company held liable for failure to furnish water, though exempted from liability by lease (Rev. St. 1925, art. 7555).**

Terms of lease between landowner and lessee, providing that lessee was to have no claim against irrigation company of which landowner was president, *held* not to bar lessee's suit against company for failure to furnish water; lessee's right to water not being derived from lease but from Rev. St. 1925, art. 7555, obligating company to furnish water to users.

2. **Waters and water courses** ⬅261—**Irrigation company cannot limit liability for failure to furnish water.**

Irrigation company, a quasi public corporation, cannot by contract relieve itself from statutory duties or liability for failure to perform them, nor limit its liability for failure to furnish water.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by C. E. Bryan against the United Irrigation Company. Judgment of dismissal was reversed by the Court of Civil Appeals, and cause remanded (267 S. W. 298), and defendant brings error. Affirmed.

D. F. Strickland, of Mission, and Seaberry, George & Taylor, of Brownsville, for plaintiff in error.

Gordon Griffin, of McAllen, and W. L. Dawson, of Mission, for defendant in error.

BISHOP, J. C. E. Bryan, defendant in error, filed this suit in the district court of Hidalgo county against United Irrigation Company, plaintiff in error, in his petition alleging that the United Irrigation Company was a corporation organized for the specific purpose of furnishing water for irrigation

purposes and was a common carrier of water to certain lands, including the land described in his petition, and was bound and obligated as a common carrier of water for irrigation purposes to furnish him sufficient water when called for under reasonable rules and regulations, and upon reasonable charges therefor; that on February 2, 1921, he applied for water and paid the irrigation company the regular and usual water charges of $4 per acre, which sum of money it accepted for the purpose of paying the amount of the water charges required of him, and in all things accepted his application for water, and became obligated to furnish water to him for the irrigation of his land; that he was in possession of said land under lease contracts with John H. Shary, who was the owner thereof, and that under said lease contracts he had the possession and the right to the use of the land, and was entitled to receive water from the irrigation company for the irrigation of said land in sufficient quantities as needed for the purpose of the proper cultivation of said land, which was adjacent to the canal system of the irrigation company; and that, under said lease contracts, he was entitled to three-fourths of all cotton raised by him on said land. He alleged a failure to furnish sufficient water, resulting in damages, which he sought to recover. He also alleged that John H. Shary was president of the United Irrigation Company.

The lease contracts, made part of the pleadings, contained the following provisions, to wit:

"The lessee further agrees to irrigate the above described lands and all crops growing thereon in strict accordance with the terms and conditions of what is known as the permanent water contract, between the United Irrigation Company and the owner of said land, a copy of such permanent water contract being on file and of record in the office of the county clerk of Hidalgo county, Texas, to which reference is hereby made, and the same is declared a part of this lease contract; and lessee shall conform with all rules and regulations of said company.

"And it is further agreed as part of the consideration for this lease that the lessee shall have no claim or demand against the United Irrigation Company for failure to furnish water for any cause whatsoever during this lease.

"And, inasmuch as the lessor is liable to the United Irrigation Company for all water rents which may become due and payable on the above described land during this lease and for a strict performance of all rules and regulations of such company, it is agreed that the lessee will either deposit in cash with the lessor the sum of one hundred ($100.00) dollars or execute and deliver to him a good and sufficient bond for such amount acceptable to the lessor, conditioned that the lessee will strictly conform to all rules and regulations of the said United Irrigation Company and its permanent water contract; and, should the lessee fail so to do, and any fines, penalties, or damages be assessed against said land by said company, such fines, penalties,

or damages shall be deducted from such cash deposit or collected on said bond. And in the event that there are no fines, penalties, or damages assessed by said company against said land during this lease, such cash deposit, if any, shall be returned to the lessee; and if a bond is given the same·shall be canceled and returned to the lessee."

To this petition the irrigation company presented exceptions as follows:

"(9) That plaintiff's petition shows on its face, and by reference to the lease contract between John H. Shary, as lessor, and plaintiff, as lessee, attached to and made part of said petition, that plaintiff's rights to the possession and use of said lands, and of the appurtenant water rights, thereby leased by John H. Shary, were expressly limited by the following stipulation, 'And it is further agreed as part of the consideration for this lease that the lessee shall have no claim or demand against the United Irrigation Company for failure to furnish water for any cause whatsoever during this lease;' and that said petition contains no allegations explaining or qualifying the apparent meaning of that stipulation, nor does it allege any facts by reason of which said stipulation should not apply to plaintiff's demands herein, and wholly bar the same in this suit. Tr. p. 15.

"(10) That plaintiff's petition does not allege that the stipulation aforesaid was ever abandoned, modified or waived by said John H. Shary, or by this defendant, during or after the term of said leases, or that plaintiff's application and payment for water, and defendant's delivery of water to him, were made otherwise than under and by virtue of said lease contracts (and the permanent water contract therein referred to), in fulfillment thereof, and subject to the limitations·of rights and remedies therein set forth."

The trial court sustained these exceptions, and, the defendant in error having declined to amend, the court dismissed the suit. On appeal by defendant in error the Court of Civil Appeals held that the trial court erred in sustaining these exceptions, and reversed the judgment and remanded the cause. 267 S. W. 298.

[1] The first proposition presented by plaintiff in error in its application is that:

"The rights of defendant in error both as to the land and the water service thereto having been acquired solely under the lease contracts, these rights are subject to all the limitations and restrictions thereon imposed by the terms of the contract"

The right to the possession and use of the land was acquired solely under the lease contracts, but the right to the water service was not so acquired. Our statutes provide that "all persons who own or hold a possessory right or title to land adjoining" the canal of such company as the plaintiff in error in this case, "and who shall have secured a right to the use of water in said canal * * * shall be entitled to be supplied from such canal * * * with water for irrigation of such land * * * in accord-ance with the terms of his or their contract." Article 7555, R. C. S. 1925. He made application for water, which was accepted, and paid the irrigation company the regular and usual water charges. ·Under this statute the plaintiff in error became obligated to him to furnish water for the irrigation of his·land.

[2] The plaintiff in error is a quasi public corporation, charged with duties to the public pertaining to irrigation, and cannot by contract absolve itself from the duties imposed upon it by statute. It could not have entered into a contract with defendant in error, the effect of which would have relieved it of liability for its negligence in failing to perform this duty, nor could it limit its liability in this regard. Borden v. Rice & Irrigation Co., 86 S. W. 11, 98 Tex. 494, 107 Am. St. Rep. 640; American Rio Grande Land & Irrigation Co. v. Mercedes Plantation Co. (Tex. Com. App.) 208 S. W. 904. The plaintiff in error is not even a party to the contract the terms of which it is seeking here to enforce. It could not, by contract, relieve itself from liability·for its failure to perform the duties imposed upon it by law.

The holding of the Courts of Civil Appeals in the cases of Moore-Cortes Canal Co. v. Gyle, 82 S. W. 350, 36 Tex. Civ. App. 442, Northern Irrigation Co. v. Dodd, 162 S. W. 946, and Northern Irrigation Co. v. Watkins, 183 S. W. 431, is not applicable to the facts in this case. In those cases the irrigation companies were the owners of the lands, and, by their lease contracts, agreed to furnish to their lessees water to irrigate the lands leased by them. The rights of the lessees to water were granted solely by the terms of the lease contracts. These rights were not given by the statute. Irrigation companies are not required by statute to furnish water to irrigate their own lands, but are required to furnish water to contiguous and adjoining lands owned by the public. Therefore the companies, in leasing their lands, could by the terms of the lease contract agree to furnish water to their lessees and limit their liability should they breach their agreements to do so.

The land involved in this case was not owned by plaintiff in error, and by the provisions of the statute it was under obligation to furnish water to irrigate same. It could not absolve itself from this obligation by contract, nor could a contract be entered into by another for its benefit which would have this effect.

By its second proposition plaintiff in error claims that the provision in the lease contracts that, "it is further agreed as part of the consideration for this lease that the lessee shall have no claim or demand against the United Irrigation Company for failure to furnish water for any cause whatsoever during this lease," was a reservation by the lessor, Shary, of the right to claim or demand damages for 'such failure, and not intended

to relieve plaintiff in error of liability. As far as the damages suffered by Shary are concerned, no reservation in the contract was necessary to secure to him his rights, and there is certainly nothing in the language above quoted which would indicate that Shary was reserving the right to claim and demand from plaintiff in error all damages which might result by reason of its failure to furnish water. The only purpose expressed in the provision is that defendant in error, Bryan, is to be denied the right to claim or demand from the irrigation company damages for its failure to comply with its duty to furnish him water with which to irrigate the land, though under the term of the lease contracts Bryan was obligated to irrigate. This language does not warrant the construction that the irrigation company was to be liable to the lessor Shary for all damages occasioned by such failure. The purpose expressed is to relieve it from liability to Bryan, and not to designate to whom it should be liable.

We think this stipulation in the lease contracts is susceptible of the construction that the lessor, Shary, was only attempting to do for the United Irrigation Company that which it could not by contract do for itself.

The trial court erred in sustaining these exceptions, and we recommend that the judgment of the Court of Civil Appeals reversing and remanding the cause be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.